**Angela FELICIANO et al., Plaintiffs,**

v.

**COMPAÑIA TRASATLANTICA ESPAÑ-
OLA, S. A., Defendant and Third-
Party Plaintiff,**

v.

**INTERNATIONAL SHIPPING AGENCY,
INC., et al., Third-Party Defendants.**

Civ. No. 248–65.

United States District Court
D. Puerto Rico.

June 28, 1968.

Alfredo Alvarez Linares, San Juan, P. R. for plaintiffs.

Martinez Muñoz, Agrait Oliveras & Otero, San Juan, P. R. for third party defendants.

Vicente M. Ydrach, Hartzell, Fernandez, Novas & Ydrach, San Juan, P. R., for defendant.

FERNÁNDEZ-BADILLO, District Judge.

ORDER

This action is now before the Court on third party defendants' Motion for Summary Judgment filed January 2, 1968, addressed to the Third Party Complaint.

Oral argument on this motion and upon third party plaintiff's opposition was heard on January 19, 1968. A period of ten days was granted to counsel to file their brief in support of their points of law.

Both parties having timely filed such briefs, the Court, after considering the same, as well as the pleadings and a sworn statement from Mr. Luis Lizarribar signed and sworn on January 23, 1968, is now duly advised in the premises.

An examination of the pleadings and of the sworn statement from Mr. Lizarribar shows that this is a civil action for damages brought by plaintiffs because of the death of Mr. Martin Beltrán against defendant Compañia Trasatlántica Española arising out of an accident which occurred at a ship owned by defendant while deceased was working there as a longshoreman and as an employee of third party defendant International Shipping Agency, Inc., who was insured under the Workmen's Compensation Law of Puerto Rico at the time and third party defendant Maryland Casualty Company insured any legal responsibility of International Shipping Agency, Inc. arising out of the accident.

Another claim arising out of the same accident and filed by other claimants was ruled on by the United States Court of Appeals for the First Circuit in the cases of Compañia Trasatlántica Española, S. A. v. Carmen Meléndez Torres and International Shipping Agency, Inc., et al. v. Carmen Meléndez Torres, 358 F.2d 209. This case ruled that all claims arising out of this accident depend entirely upon Puerto Rican law. the Appellate Court held to that respect as follows at page 212:

"Since plaintiffs' intestate was not a seaman and his death was caused by injuries sustained within the territorial waters of Puerto Rico, this case does not come within the purview of either of these statutes. There being no applicable federal statute, it is undisputed that plaintiffs' right of recovery here depends entirely upon Puerto Rican law."

■ Consequently, plaintiffs' right of recovery in this specific case depends entirely upon Puerto Rican law and it is well settled federal law that when admiralty adopts a state's right of action it must enforce the right as an integrated whole, with whatever conditions and limitations the creating state has attached. The Tungus v. Skovgaard, 358 U.S. 588, 592, 79 S.Ct. 503, 506, 3 L.Ed.2d 524, 528, 71 A.L.R.2d 1280, holds as follows:

"The decisions of this Court long ago established that when admiralty adopts a State's right of action for wrongful death, it must enforce the right as an integrated whole, with whatever conditions and limitations the creating state has attached.

\* \* \* \* \* \*

" '[A]dmiralty courts, when invoked to protect rights rooted in state law, endeavor to determine the issues in accordance with the substantive law of the State'

"It would be an anomaly to hold that a state may create a right of action for death, but that it may not determine the circumstances under which that right exists. The power of a State to create such a right includes of necessity the power to determine when recovery shall be permitted and when it shall not".

Section 20 of the Puerto Rico Workmen's Accident Compensation Act, 11 L. P.R.A. § 21 provides:

"When an employer insures his workmen or employees in accordance with this chapter, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this chapter, the liability of the employer is, and shall continue to be, the same as if this chapter did not exist."

This section has been interpreted by the Supreme Court of Puerto Rico in the

cases of Cortijo Walker v. Autoridad de las Fuentes Fluviales de P. R., 91 DPR 574; the case of Eliezer Marcano v. Autoridad de Fuentes Fluviales de P. R., 91 DPR 654; and the case of Vda. de Andino v. Autoridad de Fuentes Fluviales de P. R., 93 DPR 170. These cases have held that the beneficiaries of an injured employee or the employee of an employer insured under the Workmen's Compensation Act of Puerto Rico may not demand compensation from the employer and that the compensation provided by statute is the only remedy against the employer and that a third party claim against the employer filed by a third party sued by the employee cannot be allowed on the same token under any concept or theory since that would amount to "doing indirectly what the lawmaker has forbidden to be done directly" and "considering the employer's negligence by the rear door of a third party claim and holding him liable in tort for such negligence". The ratio decidendi of the Cortijo Walker's decision which was cited with approval in Marcano v. Autoridad de Fuentes Fluviales and Vda. de Andino v. Autoridad de Fuentes Fluviales is as follows:

"Whether or not the distinction is good or effectual, or whether or not the common-law rule of 'indemnity' or the primary or secondary presumption of negligence governs in this jurisdiction, it is unquestionable that under any of the concepts invoked, or under any of the concepts whereby the employer may be brought in, the undeniable fact would always be at bottom that any liability imposed upon the employer as third party defendant, whether for damages properly, for 'contribution', or for 'indemnity', would have its origin in a death declared a labor accident. We are not going to open a gap in the compensatory system by a 'jurisprudential exception', and in any event let the lawmaker have his say.

The judgment dismissing summarily the third-party claim in this case was proper and will be affirmed."

■ Counsel for third party plaintiff has argued that this is a case based on indemnity and not contribution between two tort feasors in trying to distinguish Cortijo Walker's ruling. Nevertheless, as we have seen, Cortijo Walker rules that under the concepts of contribution or indemnity *or more so "under any of the concepts whereby the employer may be brought in,* the undeniable fact would always be at the bottom that any liability imposed upon the employer as third party defendant for contribution or indemnity would have its origin in a death declared a labor accident" and the Supreme Court of Puerto Rico goes on to say that "we will not open a gap in the compensatory system by a jurisprudential exception unless the lawmaker says the contrary".

On the other hand, the United States Court of Appeals for the First Circuit in the case of Alcoa Steamship Company, Inc. v. Antero Pérez Rodriguez, 376 F.2d 35, has recognized the defense of immunity claimed by an employer under the Workmen's Compensation Act of Puerto Rico and has ruled that Puerto Rico Workmen's Accident Compensation Act has, within area of its applicability, displaced remedies of maritime law, including Federal Longshoremen's Act, and provides sole remedy of Puerto Rico longshoreman against his employer for injuries sustained in course of employment.

Third party defendants' motion for summary judgment is hereby granted and it is ordered and adjudged that third party plaintiff's complaint be dismissed because of lack of cause of action.

It is also ordered and adjudged that the issue of attorney's fees and costs on the third party complaint be subsequently set before the Court for further disposition.