PEDRO PRATTS, and/or ÁNGEL LUIS ARROYO GRAJALES, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, LUIS R. APELLÁNIZ, JUDGE, Respondent.

No. O-69-40.      Decided May 27, 1969.

*Eudaldo Báez Galib* for petitioner.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

A twelve-and-a-half-year-old minor, employed by the insured employer Ángel Luis Arroyo, sustained an accident while cutting sugarcane on the basis of piece rate as a result of which the distal phalanx of his left thumb was amputated. For that reason he initiated a civil ordinary action against

Arroyo claiming damages on the ground that "the responsibility . . . [which] arises from the illegal labor-management relation which existed between defendant and the injured minor."

A motion for dismissal was presented against the claim for lack of jurisdiction since, a labor accident being involved, pursuant to § 20 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 21, the remedy provided by the latter is exclusive. *Montes* v. *State Insurance Fund,* 87 P.R.R. 187 (1963); *Báez* v. *Commonwealth,* 87 P.R.R. 62 (1963); *De Jesús* v. *Osorio,* 65 P.R.R. 601 (1946); *Onna* v. *The Texas Co.,* 64 P.R.R. 497 (1945); *cf. Alcoa Steamship Co.* v. *Pérez Rodríguez,* 376 F.2d 35 (1967); *Santiago* v. *Hermanos,* 255 F.Supp. 932 (1966); *Feliciano* v. *Compañía Trasatlántica Española, S.A.,* 286 F.Supp. 226 (1968). The trial court denied the dismissal requested on the ground that it being the case of a minor under fourteen years of age for whose employment the permit authorized by § 5 of the Employment of Minors Act, 29 L.P.R.A. § 435[1] could not be granted, the accident was not included within the Workmen's Accident Compensation Act. We agreed to review.

In *Montaner* v. *Industrial Commission,* 54 P.R.R. 64 (1939), decided under the former legislation—Act No. 75 of July 20, 1921—which regulated the employment of minors in terms similar to the one in force, we decided that a minor between the ages of 14 and 16 years even though he is employed without the required permit is a workman or employee protected by the Workmen's Accident Compensation Act. The opinion delivered concludes telling that "Until the Legislature expresses its intention to exclude illegally employed minors from the protection of the Compensation Law, they should

---

[1] "No minor between fourteen (14) and less than eighteen (18) years of age shall be employed, or permitted, .or suffered to work in any gainful occupation unless his employer obtains and keeps . . . an employment certificate or a special permit issued [by the Secretary of Labor] . . . ."

not be denied such protection." The Legislature not only ratified the view concerning the inclusion of minors among the workmen protected by the act, but also by means of Act No. 52 of April 25, 1942 (Sess. Laws, p. 502) added the paragraph "Rights of Minors" to § 3 of the Act, 11 L.P.R.A. § 3, which provides *double compensation* in the case of workmen under eighteen years of age employed in violation of the Employment of Minors Act.[2]

Since then the cases decided on that score concerned minors comprised between the ages of fourteen and eighteen years. See, *Heirs of Lledó* v. *Industrial Commission*, 65 P.R.R. 404 (1945); *De Jesús* v. *Osorio, supra; Transportation Service Co.* v. *Industrial Commission*, 66 P.R.R. 375 (1946); *Juan Bigas, Sucrs.* v. *Industrial Commission*, 71 P.R.R. 313 (1950); *Silva* v. *Industrial Commission*, 91 P.R.R. 865 (1965); *Colón Santiago* v. *Industrial Commission, supra*. This is the first time we consider the case of a minor under fourteen years old.

However, *Heirs of Lledó, supra*, sheds light upon the problem we are considering, since that case involves a minor employed in one of the occupations injurious to life and health, an occupation which is absolutely forbidden irrespective of the minor's age. It was decided that the minor having been employed to work in an occupation for which no authority could be lawfully granted by his parents nor by the officers of the Department of Labor, the law was applicable and it was proper to impose the payment of double compensation. The same thing may be argued in the present case; *vis a vis*, which

---

[2] In *Colón Santiago* v. *Industrial Commission, ante*, p. 203 we indicated that "It seems evident that the purpose of the lawmaker was to enact an additional penalty—in *Silva* v. *Industrial Commission*, 91 P.R.R. 865, 876 (1965), we referred to this additional compensation as an 'economic penalty' —imposed on the transgressors of the statutes relating to employment of minors, and thus attain the end pursued of protecting the minors' health, propitiating their education and training and preventing the displacement of members of the laboring class who are head of the family."

involves a 12-year-old minor whose work in an occupation not declared hazardous could not be authorized either because he was under fourteen years old.[3]

■■ Although there have been certain hesitations in some jurisdictions,[4] the generally accepted rule is that no distinction should be made between employments which would be legal but for failure to get the permit required by the statute and those which are illegal by express prohibition of law—in Puerto Rico, minors under fourteen years of age in any occupation and minors under eighteen years of age in any of the dangerous occupations. See, *Carlton* v. *Parker Dairy Company*, 116 N.W.2d 212 (Mich. 1962); *Balogh* v. *Ladanye*, 157 A.2d 350 (N.J. 1960); *Lengyel* v. *Bohrer*, 94 A.2d 753 (Pa. 1953). Larson qualifies this distinction as artificial, 1A The Law of Workmen's Compensation 798, § 47.52(b). Even in those states where resort to courts was not prohibited the difficulty which it implied for the minor was acknowledged because it presupposed that in order to demand liability the minor had to establish the negligent or wrongful act or omission of the employer. Under such circumstances, it is preferable to uphold the exclusiveness of the remedy provided by the Workmen's Accident Compensation Act which in every case will provide protection to the minor and which merely requires the establishment of the causal relation between the damage and the occupation. *Cf. Castro* v. *Marrero*, 54 P.R.R. 189 (1939); *Arroyo* v. *Plaza Provision Co.*, 68 P.R.R. 889 (1948); *Ortiz Cubano* v. *Arraiza Iglesia*, 91 P.R.R. 579 (1964).

---

[3] In due time the Industrial Commission rendered judgment on April 11, 1968 in case C.I. 68-4-2196 fixing the corresponding compensation and ordering to collect from employer Ángel Luis Arroyo "the double compensation which as penalty he is bound to pay."

[4] Compare, *Lee* v. *Kansas City Public Service Co.*, 22 P.2d 942 (Kan. 1933), with *Dressler* v. *Dressler*, 208 P.2d 271 (Kan. 1949), and *Hadley* v. *Security Elevator Co.*, 264 P.2d 1076 (Kan. 1953); *Widdoes* v. *Laub*, 129 Atl. 344 (Del. 1925), with *Hill* v. *Moskin Stores, Inc.*, 165 A.2d 447 (Del.

The order entered by the Superior Court, Mayagüez Part, on January 17, 1969, will be reversed, and the case remanded with instructions to grant the dismissal requested by petitioner.

1960); *Smith* v. *Arnold,* 60 So.2d 281 (Fla. 1952), with *Winn-Lovett Tampa* v. *Murphree,* 73 So.2d 287 (Fla. 1954). See also, *Bartley* v. *Couture,* 55 A.2d 438, 442–443 (Me. 1947).