(No. 20751.—

FRED LANDRY, Appellant, *vs.* E. G. SHINNER & Co., Inc., Appellee.

*Opinion filed June 18, 1931.*

FINN & MILLER, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, (CARL MEYER, DAVID F. ROSENTHAL, and JACOB X. SCHWARTZ, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Fred Landry, a minor, by his next friend, Henry Landry, brought suit in the superior court of Cook county against appellee, E. G. Shinner & Co., Inc., for

personal injuries. A demurrer was sustained to appellant's · declaration, and appellant electing to stand by it, judgment in bar of the action was entered, from which an appeal was taken to this court, the constitutionality of a statute being involved.

Appellee in its brief and argument states: "For the purposes of this appeal it may be conceded that on July 21, 1928, when the plaintiff was fifteen years old, he was injured while in defendant's employ; that in such employment the plaintiff was required to clean a certain meat-chopper, and that his employment in that capacity was absolutely prohibited by the Child Labor act of 1917 as amended in 1921, which was then in force. It is also not disputed that the enterprise in which the plaintiff was employed was one to which the Workmen's Compensation act of 1927 applied, and that if the plaintiff had been an adult no right of action at law would have existed."

Section 5 of the Workmen's Compensation act of 1927 is as follows:

"Sec. 5. *Term employee defined*—The term 'employee' as used in this act, shall be construed to mean   *   *   *

"2. Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, and including aliens, and minors who, for the purpose of this act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees," etc.

Paragraph (*k*) of section 8 of the same act is as follows: "In case the injured employee is under sixteen years of age at the time of the injury and is illegally employed, the amount of compensation payable under paragraphs *b, c, d, e* and *f* of this section shall be increased fifty percentum, provided, however, that nothing herein contained shall be construed to repeal or amend the provisions of an act con-

cerning child labor, approved June 26, 1917, as subsequently amended relating to the employment of minors under the age of sixteen years."

If these provisions are valid appellant's remedy was under the Workmen's Compensation act and the demurrer was properly sustained.

It is contended by appellant that paragraph (k) of section 8 is unconstitutional as being contrary to public policy, and that the policy of preserving the health and lives of children by forbidding their employment in certain industries dangerous to their health, their lives or their limbs was first adopted by the legislature of the State of Illinois on June 17, 1891, and that later acts covering this same subject, extensively and with considerable detail, show that the protection of children under these circumstances has been the policy of this State on the subject ever since. The public policy of a State is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. The public policy of a State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which by legislation, or, in the absence of legislation thereon, by the decisions of the court, has been held contrary to the public policy of the State is no longer contrary to such public policy when such action is expressly authorized by subsequent legislative enactment. (*People* v. *City of Chicago,* 321 Ill. 466; *Lincoln Park Coal Co.* v. *Wabash Railway Co.* 338 id. 82.) If paragraph (k) is a valid enactment then it is not contrary to the public policy of this State.

Section 13 of article 4 of the constitution of this State provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." It is contended by appellant that the first part of paragraph (k) of section 8, by providing for compensation for minors illegally employed, repeals the Child Labor laws of

this State without making any reference to such repeal in the title of the act. He cites *Galpin* v. *City of Chicago,* 269 Ill. 27, and *Lyons* v. *Police Pension Board,* 255 id. 139, to the effect that where a statute repeals by implication a former statute the title to such repealing act must contain a reference to such repeal. Paragraph (*k*) does not purport to repeal, or in fact repeal, the Child Labor law or any portion thereof, but, on the contrary, expressly states an intention not to do so. The Child Labor law is wholly a penal law and is in nowise affected by the enactment of paragraph (*k*). The only effect that paragraph has with reference thereto is to transfer a remedy of a minor not given by the Child Labor law but accruing to a minor by reason of a violation thereof, from a suit in trespass for personal injuries to a claim for such injuries under the Workmen's Compensation act. There is no vested right of one injured to any particular remedy, and a transfer of remedies is clearly within the scope of legislative enactment. *Gones* v. *Fisher,* 286 Ill. 606; *Johnson* v. *Choate,* 284 id. 214; *Green* v. *Red Cross Medical Service Co.* 232 id. 616.

It is contended by appellant that paragraph (*k*) of section 8 of the Workmen's Compensation act is in direct conflict with section 5 of the same act, as by section 5 the term "employee" is restricted to persons in the service of another under contracts of hire, express or implied, and by paragraph (*k*) the term "employee" is applied to one under sixteen years of age who is illegally employed at the time of the injury, and that in cases arising under paragraph (*k*) there can be no contract of hire. Section 5 of the act, prior to its amendment in 1927, included "minors who are legally permitted to work under the laws of this State." By the amendment of 1927 the words "who are legally permitted to work under the laws of this State" were stricken out, and by the terms of the amendment it was made to apply to every person in the service of another under any contract of hire, express or implied, oral or writ-

ten, including minors." The principal object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Fowler* v. *Johnston City and Big Muddy Coal Co.* 292 Ill. 440.) The plain and obvious meaning of the language used by the legislature is the safest guide to follow in construing any act, as the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication. (*Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189.) In ascertaining the intention of the legislature in enacting a statute the whole act must be given consideration, together with the state of the law prior to its adoption, any changes made by the act and the apparent motive for them. *City of Rockford* v. *Schultz,* 296 Ill. 254; *City of Chicago* v. *Max,* 289 id. 372.

Appellant cites *DeKam* v. *City of Streator,* 316 Ill. 123, and *Penn* v. *Bornman,* 102 id. 523, in support of his contention. These cases do not support his contention. They only recognize the distinction between valid and invalid contracts, and each of them recognizes that where the word "contract" is used it does not necessarily mean "valid contract." In the *DeKam case* it was said: "The contract was void because it was prohibited by law." The other authorities cited recognize the same distinction. Words found in a statute are to be construed, as in other instruments, in accordance with their ordinary use and meaning. (*Ruda* v. *Industrial Board,* 283 Ill. 550.) An agreement which produces no legal obligation is often called a void contract. In Williston on Contracts (vol. 3, p. 2866,) it is said: "To assert that all unlawful agreements are *ipso facto* no contracts and void is opposed to many decisions and unfortunate in its consequences, for it may protect a guilty defendant from paying damages to an innocent plaintiff. Doubtless a statute may, and sometimes does, make an agreement absolutely void, but even though a statute so states in terms, 'void' has sometimes been held to mean

'voidable,' and unless no other conclusion is possible from the words of a statute it should not be held to make agreements contravening it totally void." In *Ferguson* v. *Sutphen*, 3 Gilm. 547, the court said: "It does not follow because a statute declares a certain contract to be void that either of the contracting parties can take advantage of it. A statute may declare a contract to be void and still but one of the parties be guilty of its violation. Enactments of this character are often made for the purpose of protecting one class of men from the oppression and impositions of another class of men, and in such cases the really guilty party is never allowed any relief under the statute or permitted to set up the statute as a defense to relief sought by the other party."

A contract of hiring a minor in violation of the Child Labor law is an illegal contract, and while it is commonly called void it is not absolutely void in all its aspects. If it were, then no claim for damages could be based on injuries received by a minor while performing services under such contract. It is void in the sense that it is unenforceable by either party to it, but it is not absolutely void in all of its aspects with relation to damages resulting to the minor through the performance of services under such illegal contract of hiring. The contract of hiring alleged in the declaration was an illegal contract and unenforceable by either party and the services rendered under it were rendered under a contract—*i. e.,* an illegal contract—which was not absolutely void but had sufficient virility to fix the relation between appellee and Fred Landry as that of master and servant. The intention of the legislature is clearly expressed in the language which it has used, and it is clear from such language that it was its intention that paragraph (*k*) of section 8 should apply to all minors and not be limited to minors who were legally permitted to work under the laws of this State.

Appellant's remedy being under the Workmen's Compensation act and not by a suit at law, the court properly sustained the demurrer to the declaration and entered judgment in bar of the action.

The judgment is affirmed.

*Judgment affirmed.*