James Cadwell, a minor by Leon Cadwell, his Guardian, Appellant, v. National Tea Company, Appellee.

Gen. No. 45,252.

Opinion filed April 9, 1951. Released for publication May 7, 1951.

JAMES A. DOOLEY, of Chicago, and KELLY, KELLY & KELLY, for appellant.

DAVID, FAINMAN & ABRAHAMS, of Chicago, for appellee; SIGMUND W. DAVID, and KALMAN S. LIEBERMAN, of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff's amended complaint alleges that defendant was a retailer of foodstuffs employing plaintiff, thirteen years of age, in violation of the Illinois Child Labor Law; that while plaintiff was thus illegally employed, on April 18, 1946, he suffered personal injuries; that on August 29, 1949, Leon Cadwell was appointed plaintiff's guardian, and within six months thereafter said guardian filed a rejection of plaintiff's right to benefits under the Workmen's Compensation Act of Illinois and filed suit at law to recover for his injuries.

Defendant moved to strike said amended complaint on the ground that plaintiff had not rejected the benefits of the Workmen's Compensation Act within six

months from the date of his injury. From the trial court's action in striking the amended complaint and entering judgment for defendant, plaintiff appeals.

The question presented by the appeal, therefore, is whether or not a minor may maintain a common law action for injuries sustained while illegally employed when he, being bound by the provisions of the Act, failed within six months from the date of the injury to file with the Illinois Industrial Commission a rejection of his right to benefits under the Act.

Plaintiff maintains that there is compliance with the Act if the action is commenced within six months after the appointment of a guardian, even though more than six months have elapsed since the date of the accident. Defendant insists that the rejection must be filed within six months from the date of the injury.

Section 6 of the Workmen's Compensation Act (Ill. Rev. Stat. 1949, chap. 48, par. 143) [Jones Ill. Stats. Ann. 143.21] provides as follows:

''No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe, other than the compensation herein provided, shall be available to any employe who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury; . . . Provided, further, that any illegally employed minor or his legal representatives shall, except as hereinafter provided, have the right, within six months after the time of injury or death to file with the commission a rejection of his right to the benefits under this Act, in which case such illegally employed minor or his legal representatives shall have the right to pursue his or their common law or statutory remedies to recover damages for such injury or death. . . .''

Section 5 (par. 142) provides:

"The term 'employe' as used in this Act, shall be construed to mean:

". . .

"Second—Every person in the service of another under any contract of hire, express or implied, oral or written, . . . and including aliens, and minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees. . . ."

The language of section 6, to the effect that rejection of the benefits of the Workmen's Compensation Act must be filed within six months after the time of the injury, is clear and unambiguous, as is section 5 to the effect that minors shall be considered the same as adult employees. In *Landry v. Shinner & Co.*, 344 Ill. 579 (1931), the court held that the Workmen's Compensation Act had completely taken away from a minor illegally employed any right of action at common law for damages against his employer, whether or not predicated on a violation of the Child Labor Law. The proviso reinstating the common law right if the minor files a rejection of benefits under the Act within six months from the date of his injury was supplied by amendment to section 6 after the *Landry* case was decided. No such rejection was filed by the plaintiff here until more than three years after the date of the injury.

Plaintiff's argument is based wholly upon the holding in *Oran v. Kraft-Phenix Cheese Corp.*, 324 Ill. App. 463 (1944). There this court (Second Division) decided that when the Workmen's Compensation Act specifies a time limitation within which a minor must exercise his rights, the time begins to run, not from the date specified in the Act, but from the date of the appointment of a guardian for such minor. In reach-

ing such conclusion the court reasoned that the language of section 6, requiring the illegally employed minor to file a rejection of benefits under the Act within six months from the date of injury in order to have the right to sue at common law, was against the public policy of the State of Illinois which favors liberal statutory construction to the end that the rights of minors be protected; that inasmuch as plaintiff had no legal guardian he could not be presumed to be aware of the provisions of the statute; and that it was therefore legally impossible for him to have filed a rejection himself. It is to be observed, however, that in *Landry v. Shinner & Co., supra,* the court considered this question of public policy, disposing of it in the following language (pp. 582–584):

"The public policy of a State is to be found embodied in its constitution, its statutes, and, when these are silent on the subject, in the decisions of its courts. The public policy of a State, when not fixed by the constitution, is not unalterable but varies upon any given question with changing legislation thereon, and any action which by legislation, or, in the absence of legislation thereon, by the decisions of the court, has been held contrary to the public policy of the State is no longer contrary to such public policy when such action is expressly authorized by subsequent legislative enactment. . . .

". . . The principle object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Fowler v. Johnston City and Big Muddy Coal Co.* 292 Ill. 440.) The plain and obvious meaning of the language used by the legislature is the safest guide to follow in construing any act, as the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication. (*Illinois Publishing Co. v. Industrial Com.* 299 Ill. 189.)"

■ Applying principles there enunciated we must conclude that the legislature, in the Workmen's Compensation Act, has clearly stated an intention that minors within the act, whether legally or illegally employed, are no longer privileged to sue at common law unless they have complied with the provisions of section 6.

Furthermore, we think that the question with which we are confronted here has been conclusively answered in the case of *Ferguson v. Industrial Commission*, 397 Ill. 348. In that case a fifteen year old minor, employed as a truck driver, was injured on February 11, 1944. On March 7th he entered a hospital and remained there until March 26th. His guardian, whose appointment antedated the injury, had no knowledge of the injury until March 15th, and on March 20th sent notice of claim under the Workmen's Compensation Act to the employer. The arbitrator denied the claim on the ground that notice of the injury was not given to the employer within thirty days from the date of the injury. In affirming denial of the claim, the court said (pp. 351–353):

"Plaintiff in error insists that since there is no provision in the act that expressly subjects a minor's rights to limitations of time, the common-law principles safeguarding him against statutory limitations necessarily apply.

". . . Whether the General Assembly intended to make an exception as to minor's right must be gathered from the act itself. After the decision of this court in *Walgreen Co. v. Industrial Com.*, 323 Ill. 194, holding that the limitation of time within which an application for an award should be made did not run against a minor so long as he was without a guardian, the General Assembly, by an act effective July 1, 1927, (Laws of 1927, pp. 507 and 517,) amended sections 8 and 24. The words in said section 24, 'In cases of

211

mental incapacity of the employees, notice must be given within six months after such accident,' were changed to read as the section now reads: 'In case of mental incapacity of the employee or any dependents of a deceased employee who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided shall not begin to run against said mental incompetents until a conservator or guardian has been appointed.' The amendment of the two sections, after the decision of this court in the *Walgreen* case, affecting the applicability of the act to 'mentally incompetents' must have been intended to have some meaning. This must be so when considered with section 5 of the act, (Ill. Rev. Stat. 1945, chap. 48, par. 142,) which provides that the 'term "employee" as used in this Act shall be construed to mean: . . . Every person in the service of another under any contract of hire . . . including . . . minors who, for the purpose of this Act shall be considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees. . . .'

"Had the General Assembly intended, in amending sub-section (h) of section 8 and section 24 as above noted, to include, as exempted from the requirement as to notice, minors as well as 'mental incompetents,' it must be presumed that it would have said so. The argument that one may not know, in the case of a minor scratch, whether the injury may develop into something serious, applies as much to such scratches when received by an adult as by a minor. It was evidently the intention of the General Assembly, in declaring that minor employees shall be considered the same as adult employees, to exclude them from the provision relating to mentally incompetents. An amendment of this section is a legislative and not a judicial function."

212

While the *Ferguson* case was concerned with the filing of a notice of claim under section 24 of the Act and not with a rejection of the benefits of the Act by an illegally employed minor under section 6, the principle therein stated, applied here, means that the six month period within which a minor must file a rejection of benefits under section 6 of the Workmen's Compensation Act begins to run against the minor from the date specified in the Act, and not from the date of the appointment of a guardian for him.

The judgment of the Superior Court of Cook County is affirmed.

*Affirmed.*

NIEMEYER, P. J. and FEINBERG, J., concur.