No. 39,068

James Hadley, *Appellee,* v. Security Elevator Company, *Appellant.*

(264 P. 2d 1076)

Opinion filed December 12, 1953.

*J. B. Patterson,* of Wichita, argued the cause, and *John W. Graue,* of Greensburg, and *A. W. Hershberger, Richard Jones, William P. Thompson, H. E. Jones* and *Jerome E. Jones,* all of Wichita, were with him on the briefs for the appellant.

*Clarence N. Holeman,* of Wichita, argued the cause and *W. A. Kahrs, Robert H. Nelson* and *Wilbur D. Geeding,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for wrongful death. Judgment was for plaintiff. Defendant appeals.

After the description of the parties, the petition alleged that plaintiff was the only surviving parent and sole heir at law of Norval Hadley, who was fatally injured in defendant's elevator, and no administration had been had of the estate; that on June 12, 1951, Norval was about thirteen years old and in good health; that on the above date he went into the pit of the defendant's elevator upon

the "instructions, orders and invitation of the defendant, its agent, servant and employee"; that by reason of the relationship between the manager of defendant company and the company, the company was guilty of all of the acts of negligence of its manager; that Norval was killed as a result of following the instructions, orders and invitations of the defendant, its manager, agent and servant; that on the evening of June 11, 1951, the defendant had placed in its elevator a highly dangerous chemical and failed to advise the deceased that there were any fumes or chemicals in the elevator or that any such items had been placed therein at any recent time or that there was any danger in going down into it.

The petition set out eleven acts of negligence of defendant of which defendant was guilty and which it alleged were the direct and proximate cause of the death of deceased; that plaintiff had suffered mental anguish, suffering and bereavement, loss of society and companionship, comfort and protection as the result of the death of Norval; that Norval was employed during the summer months; was a good student and would have honored the family name had he lived.

Judgment was prayed in the amount of $15,000.

Defendant filed a motion asking the petition be made definite and certain by identifying the agent referred to; by stating the circumstances under which deceased went into the pit referred to; by stating more fully the facts of deceased being employed in the summer and being a good student or in the alternative that these allegations be stricken because they were conclusions.

This motion was overruled.

In its answer defendant admitted that Norval was fatally injured in its elevator on the date stated; that its manager did place a fumigant of a type in general use in one of the bins of the elevator on the date stated.

The answer then alleged two paragraphs as follows:

"4. Defendant denies that the manager of its elevator at Mullinville, Kansas, Mr. Howard Sharp, or any other agent, servant and employee of the defendant, was authorized to invite, direct, permit or allow any person below the age of 18 years to come upon the premises of the defendant's elevator at Mullinville, Kansas, for the purpose of performing services or work for the defendant thereon, and specifically alleges that its manager, Mr. Howard Sharp, and all other agents, servants and employees of the defendant were forbidden to do so.

"5. Further answering, in the alternative, defendant states that if Norval Hadley came on the premises of the defendant's elevator at Mullinville, Kansas, to perform services for the defendant, he was a workman within the meaning

of the Kansas Workmen's Compensation Act, Kansas General Statutes, 1949, 44-501, *et seq.*, which said Statute provides the only remedy available to the plaintiff in this action."

On motion of plaintiff, the above two paragraphs were stricken. The reply was a general denial.

The jury returned a verdict for plaintiff in the amount of $13,600. The defendant moved the court to set it aside and to grant the defendant a new trial on the ground the verdict was excessive. This motion was overruled, and judgment was entered in accordance with the verdict—hence this appeal.

The specifications of error are that the trial court erred in sustaining plaintiff's motion to strike the two paragraphs referred to above and in overruling defendant's motion for a new trial.

Defendant argues on its first point Norval was only a trespasser upon the premises of defendant or at best a mere licensee. Authorities are cited in which we have held that where a plaintiff had entered the premises of defendant to loaf, the defendant owner of the premises was not liable where a servant had invited the plaintiff to enter. That argument is not good. The petition alleged that deceased went upon the property of defendant at the instructions, orders and invitation of defendant's manager. This was more than an invitation of a mere employee. The defendant by its answer denied this. The jury resolved this issue of fact in favor of the plaintiff. In none of the authorities cited and relied on by defendant did the manager of defendant invite or order the injured party onto the premises.

Defendant next argues as to the second paragraph that Norval was actually an employee of defendant—hence the only remedy of plaintiff was a claim for compensation under the workmen's compensation act. Deceased was a thirteen-year-old boy. Our statute prohibits the employing of any child under fourteen years in any factory, workshop, theater, mill, canning, packing house or operating an elevator. ( G. S. 1949, 38-601.) ( See *Lee v. Kansas City Public Service Co.*, 137 Kan. 759, 22 P. 2d 942.) The argument is not good.

Defendant next argues the verdict was excessive. This was a thirteen-year-old boy. His mother was dead. He with his father and four brothers had stayed together in the home since the mother's death in 1942.

G. S. 1949, 60-3203, is the section which permits actions for wrongful death. It limits recovery to $15,000 and provides amongst other things—

"Damages may be recovered hereunder for, but not limited to: (*a*) Mental anguish, suffering or bereavement; (*b*) loss of society, companionship, comfort or protection; (*c*) loss of marital care, attention, advice, or counsel; (*d*) loss of filial care or attention; and (*e*) loss of parental care, training, guidance or education."

The above provision was added to the statute by the session of 1947. (See chapter 319, Laws of 1947.) Prior to that enactment the measure of damages in such an action was the pecuniary loss sustained by plaintiff. By this enactment the legislature provided that other considerations than pecuniary loss should be considered. It is a difficult task for a jury to measure the damages sustained by a father's loss of the society, companionship, comfort or protection of a thirteen-year-old son. The jury was the judge of this. No prejudicial conduct appears to have accrued during the trial. The amount of the verdict does not shock the conscience of the court.

The judgment of the trial court is affirmed.