248 F.2d 791
 Frank N. SCARPELLI, and Anthony J. Scarpelli, doing business as Premium Market, Plaintiffs-Appellants,
v.
The TRAVELERS INDEMNITY CO. OF HARTFORD, a corporation, and Joseph Chavez, a minor, Dependants-Appellees.
 No. 12083.
 United States Court of Appeals Seventh Circuit.
 November 6, 1957.
 
 Barney L. Hollowick, Frank J. Scarpelli, Chicago, Ill., on the brief, for plaintiffs-appellants.
 David Jacker, Chicago, Ill., Max E. Wildman, Robert A. Deane, Chicago, Ill., Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., of counsel, for defendant-appellee.
 Before DUFFY, Chief Judge, and LINDLEY and PARKINSON, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 This is an action under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, to determine the rights of the parties under a public liability insurance policy.
 
 
 2
 There is no controversy as to the facts. The record discloses that the plaintiffs-appellants (hereinafter referred to as the Scarpellis) operate a retail meat market in Chicago, Illinois. Sometime prior to July 29, 1956 they employed one Joseph Chavez to work for them in their market. Chavez, who at that time was fifteen years of age, was operating power machinery for the Scarpellis and was therefore employed in violation of the Illinois Child Labor Law, S.H.A. ch. 48, § 31.1 et seq. On July 29, 1956 Chavez was injured while grinding meat in the course of his employment at the Scarpellis' market when his hand became caught in an electrically operated meat grinder.
 
 
 3
 At the time of the accident the Scarpellis had two policies of insurance issued by the defendant-appellee, The Travelers Indemnity Company (hereinafter referred to as Travelers). One was a Workmen's Compensation and Employers' Liability coverage with a $25,000 limit and the other a public liability coverage with a $100,000 limit, which specifically excluded employees of the insured.
 
 
 4
 After the accident Chavez filed a written rejection of his right to benefits under the Illinois Workmen's Compensation Act, S.H.A. ch. 48, § 138.1 et seq., and filed a common law action against the Scarpellis in the Circuit Court of Cook County, Illinois. He alleged in his complaint that he was injured while in the employment of the Scarpellis; that his employment was illegal under the Illinois Child Labor Law, and prayed for damages in the sum of $200,000.
 
 
 5
 The Circuit Court of Cook County entered a summary judgment, on motion of Chavez, finding that he was illegally employed by the Scarpellis; was injured during the period of such illegal employment and was entitled to recover such damages as might be assessed upon trial on the question of the nature and extent of his injuries.
 
 
 6
 Following the entry of the summary judgment, the Scarpellis instituted this action in the District Court. Travelers filed a motion to dismiss, which was sustained, and this appeal followed.
 
 
 7
 The contested issues require a construction of the exclusion clause in the public liability policy. The Scarpellis contend that Chavez was not an employee of theirs at the time of the injury because his employment, in violation of the Illinois Child Labor Law, was illegal and void. Travelers contend that although he was illegally employed, nevertheless he was an employee within the exclusion clause of the public liability policy.
 
 
 8
 The applicable part of the policy in suit reads as follows:
 
 
 9
 "This policy does not apply * * * to bodily injury to * * * any employee of the insured arising out of and in the course of his employment by the insured,".
 
 
 10
 The policy was executed and issued in the State of Illinois and must be construed according to the law of Illinois. Cross v. Zurich General Accident & Liability Ins. Co., 7 Cir., 1950, 184 F.2d 609, 611. We believe the law in Illinois is clear and, therefore, the authorities from other jurisdictions cited and relied upon by the Scarpellis, including New Amsterdam Casualty Co. v. Soileau, 5 Cir., 1948, 167 F.2d 767, 6 A.L.R.2d 128, are of little consequence. Keehn v. Excess Ins. Co. of America, 7 Cir., 1942, 129 F.2d 503, 504-505, Cohen v. Travelers Ins. Co., 7 Cir., 1943, 134 F.2d 378.
 
 
 11
 Prior to 1927 an illegally employed minor could sue his employer at common law in Illinois for damages resulting from an injury arising out of his employment. Thus in the case of Roszek v. Bauerle & Stark Co., 1918, 282 Ill. 557, 118 N.E. 991, L.R.A.1918F, 207, the court held that a minor employed in violation of the Illinois Child Labor Law was not an employee within the meaning of the Illinois Workmen's Compensation Act of 1913 and a suit at law would lie to recover damages for injury to such employee while so employed. In the case of Gill v. Boston Store, 1929, 337 Ill. 70, 168 N.E. 895, the injury having occurred in 1923, the court upheld recovery by a minor employed in violation of the Illinois Child Labor Law upon the theory of breach of a statutory duty and not negligence.
 
 
 12
 However, in 1927 the Illinois Workmen's Compensation Act was amended to include minors and in the case of Landry v. E. G. Shinner & Co., 1931, 344 Ill. 579, 176 N.E. 895, the court held that a minor employed in violation of the Illinois Child Labor Law was an employee within the meaning of the 1927 Illinois Workmen's Compensation Act and although such a contract of employment is void in the sense that it is unenforceable by either party to it, it has "sufficient virility" to fix the relation of master and servant, and the injured minor's remedy was under the Workmen's Compensation Act and not by suit at common law.
 
 
 13
 In 1931 the Illinois Workmen's Compensation Act was again amended and the right to reject the benefits thereunder was extended to illegally employed minors to permit them to maintain an action at common law.
 
 
 14
 A minor desiring to bring an action at common law for injuries received while illegally employed can only do so upon compliance with the provisions of the Illinois Workmen's Compensation Act. Cadwell v. National Tea Co., 1951, 343 Ill.App. 206, 98 N.E.2d 516. Therefore we hold that the Illinois Child Labor Law and the Illinois Workmen's Compensation Act must be construed in pari materia and that a contract of employment of a minor in violation of the Illinois Child Labor Law is a void contract and unenforceable by either party to it but a minor thus employed is an employee as defined by the Illinois Workmen's Compensation Act. It is quite clear that under the law of Illinois he is not a member of the general public in relation to his employer but is an employee within the provisions of the exclusion clause of the policy in suit.
 
 The judgment of the District Court is
 
 15
 Affirmed.