No. 45,865

RAY D. GASTON and WILMA GASTON, *Appellants*, v. SAN ORE CONSTRUCTION CO., INC., *Appellee*.

(477 P. 2d 956)

Opinion filed December 12, 1970.

*Howard Harper*, of Harper, Hornbaker, Waters and Abbott, of Junction City, argued the cause, and *Wayne W. Ryan*, of Jones and Ryan, of Clay Center, was with him on the brief for the appellants.

*Clarence L. King, Jr.*, of King and Stokes, of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was an action for wrongful death of a boy sixteen years of age. The defendant's motion to dismiss the plaintiffs' amended petition was sustained and they have appealed.

The over-all question involved is whether the Workmen's Compensation Act provided an exclusive remedy and precluded the plaintiffs from maintaining an action for wrongful death.

Our review is limited by the facts as alleged in the petition.

The gist of the amended petition was that the plaintiffs were the parents and the sole heirs of Gordon Gaston who was sixteen years of age when he was killed. One June 2, 1967, Gordon Gaston was employed by the defendant at Wakefield, Kansas. At that time defendant was engaged in the construction of public roads and other installations for and on behalf of the United States Government in the Milford Dam and Reservoir area near Milford, Kansas. On August 5, 1967, Gordon Gaston was directed by defendant's job superintendent to drive a tractor-trailer truck unit from the job site in the Milford area to a second federal job site of defendant near Glen Elder, Kansas. He was directed to drive the tractor-trailer on and over the public highway system between Wakefield and Glen Elder, Kansas. He undertook to drive the tractor-trailer as directed, and while in the process he was killed as the result of an accident caused by defendant's negligence.

The petition alleged that defendant, in doing work above mentioned, was subject to the provisions of the Fair Labor Standards Act (29 U. S. C. A. 203) pursuant to which the Secretary of Labor issued an order holding that the occupation of a motor vehicle driver on any public highway is a hazardous employment for minors between sixteen and eighteen years of age and that such employment is illegal. At the time Gordon Gaston was directed to drive the tractor-trailer, the defendant's superintendent knew Gordon did not have and was ineligible for a chauffeur's license under Kansas law. (K. S. A. 8-237 [3].)

The trial court concluded—

". . . The Fair Labor Standards Act and the Kansas laws relating to the employment of minors, and the type of employment in which they may be engaged, are regulatory in nature and prescribe penalties for the violation thereof. It does not appear in any of the cases cited, nor do I find in independent research, that the violation of a federal or state statute changes the civil status of the parties. I conclude they are not intended to replace or affect the relation of the parties with regard to workmen's compensation or other civil actions.

"It follows that defendant's motion to dismiss should be sustained."

The appellants argue that the Workmen's Compensation Act does not bar the present wrongful death action because the deceased minor was unlawfully employed in violation of the Fair Labor Standards Act and the child labor provisions provided thereunder, and as a truck driver of a semi-trailer truck in violation of the Kansas Motor Vehicle Laws.

Conceding for the moment the validity of appellants' argument that the Workmen's Compensation Act does not prevent a minor from bringing a common law action against his employer where the minor was injured in the course of unlawful employment, do the Federal Fair Labor Standards Act and the child labor provisions thereunder control as to the legality of employment under the Workmen's Compensation Act? We have held to the contrary. In *Neville, Administratrix v. Wichita Eagle,* 179 Kan. 197, 294 P. 2d 248, we stated at page 203:

". . . Appellant seeks to avoid the force of a contract fully legal under our laws, and to maintain a statutory action for wrongful death (G. S. 1949, 60-3203) on the ground the Fair Labor Standards Act of the United States fixes a condition of employment rendering the employment unlawful.

"We cannot agree with the appellant's contention. In filing her action to recover for wrongful death appellant sought relief afforded by the statutes of this state and her rights are measured by our statutes. A right to recover for wrongful death is one created by statute and did not exist at common law. (See, *e. g., Cudney v. United Power & Light Corp.,* 142 Kan. 613, 615, 51 P. 2d 28.) Under appellant's contention, she could maintain her present action, but had her deceased workman been in some industry outside the purview of the federal act, she could not have done so. The result would be lack of uniformity of remedy. We hold that the test of the minor's capacity to enter into an employment contract is that fixed by the laws of this state; that the employment was a lawful one under our workmen's compensation act, and that the liabilities of the employer for injury resulting in the workman's death are measured by that act."

We reiterate that the test of whether employment is lawful under the provisions of our Workmen's Compensation Act is determined by the laws of our state and not those of the federal government.

Appellants further contend that Gordon Gaston was unlawfully employed because he was driving the tractor-trailer unit on the highways without a chauffeur's license.

Conceding, for the purpose of this discussion only but not deciding, that a person driving a tractor-trailer unit from one work project to another must have a chauffeur's license, would that render unlawful and void the employment contract for highway construction?

Appellants rely on *Lee v. Kansas City Public Service Co.,* 137 Kan. 759, 22 P. 2d 942 and *Hadley v. Security Elevator Co.,* 175 Kan. 395, 264 P. 2d 1076.

In the *Lee* case a boy thirteen years old was injured while employed to deliver milk from a milk wagon during the hours of

one o'clock a. m. to five o'clock a. m. An action was brought to recover damages for the injuries. The defendant milk company challenged the action claiming that any liability it owed to the plaintiff would be governed by the Workmen's Compensation Act. In disposing of the question it was stated:

"It may be inferred that the milk company's business was operated under the workmen's compensation act unless the proprietor had taken affirmative steps to exempt it from its provisions. Indeed, this is the inference defendant desires this court to draw from the silence of the record. But it is perfectly obvious that owing to plaintiff's age he could not be lawfully employed *in the nighttime* around a milk distributing plant. Moreover, the compensation act defines a workman as a person who works for an employer under a contract of service or apprenticeship (R. S. 1931 Supp. 44-508 [*i*]), and no contract of service or apprenticeship existed between plaintiff and the milk company. . . ." (p. 768.)

In the *Hadley* case a boy thirteen years of age was killed while working in an elevator. An action for wrongful death was brought by the sole surviving parent. We stated:

"Defendant next argues as to the second paragraph that Norval was actually an employee of defendant—hence the only remedy of plaintiff was a claim for compensation under the workmen's compensation act. Deceased was a thirteen-year-old boy. Our statute prohibits the employing of any child under fourteen years in any factory, workshop, theater, mill, canning, packing house or operating an elevator. (G. S. 1949, 38-601.) (See *Lee v. Kansas City Public Service Co.*, 137 Kan. 759, 22 P. 2d 942.) The argument is not good." (p. 397.)

These cases simply hold that where the employment of a thirteen year old boy is prohibited by statute the contractual relationship necessary to bring the parties within the provisions of the Workmen's Compensation Act cannot exist.

The specific question which we now have before us appears to be, was the employment of Gordon Gaston unlawful because prohibited by the laws of this state?

The word "workman" was defined by the Workmen's Compensation Act (K. S. A. 44-508 [*i*]) at the time of the accident as follows:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer. Any reference to a workman who has been injured shall, where the workman is dead, include a reference to his dependents, as hereinafter defined, or to his legal representatives, or where he is a minor or incompetent, to his guardian."

The Act was amended in 1968 to specifically include minors whether legally or illegally employed. However, the amendment is not retroactive.

There can be no question under the provisions of the statute but that the rights of the workman are contractual in nature. We so stated in *Neville, Administratrix v. Wichita Eagle,* supra, at page 202 as follows:

"There can be no argument but that rights and duties under the workmen's compensation act are contractual in nature (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784, and *Dean v. Hodges Bros.,* 170 Kan. 333, 224 P. 2d 1028), and that the various provisions of the act show an intention to bring minors within its provisions (*Railway Co. v. Fuller,* 105 Kan. 608, 186 Pac. 127). It would follow that a minor, not otherwise incompetent to do so, is competent to engage in an employment covered by the act, in which event the employer and the employee and those claiming under the employee are bound by the act. Whether the employee is competent to contract is to be determined by the laws of this state, and for the reason that our statutes prohibit employment of children under the age of fourteen (G. S. 1949, 38-601) or under the age of sixteen (G. S. 1949, 38-602) to engage in certain occupations, it was held in *Lee V. Kansas City Public Service Co.,* supra, that a twelve [thirteen] year old boy, and in *Hadley v. Security Elevator Co.,* supra, that a thirteen year old boy, could not enter into a contract of employment covered by the workmen's compensation act. . . ."

Gordon Gaston was employed in road construction work. No statute has been cited by the parties, nor do we find anything under the child labor laws of this state, that makes it unlawful for a person who has reached the age of sixteen years to be employed in road construction work.

The contract of employment was for road construction. The fact that the employee may have been in violation of some highway traffic regulation while driving the truck from one highway construction project to another did not void the contract of employment. The driving of the truck was, at most, merely incidental to the employment. The contract of employment remained in full force and effect, and the employee was subject to the provisions of the Workmen's Compensation Act. (See, *Dressler v. Dressler,* 167 Kan. 749, 208 P. 2d 271.)

K. S. A. 44-510 (*c*) (28) (now K. S. A. 1969 Supp. 44-510e) provided:

"Where a minor or his dependents are entitled to compensation under the provisions of this act, such compensation shall be exclusive of all other remedies or causes of action for such injury or death, and no claim or cause of action against said employer shall inure or accrue to or exist in favor of

the parent or parents of such minor employee on account of any damage resulting to such parents or parents on account of the loss of earnings or loss of service of such minor employee."

It necessarily results that as the dependents of the minor were entitled to compensation under the Workmen's Compensation Act, no cause of action existed in favor of the parents of such minor employee on account of damages resulting from his death.

The judgment is affirmed.

APPROVED BY THE COURT.