LUTHER ESTEP, a Minor, by JAMES STANLEY, His Legally Appointed Guardian, Plaintiff-Appellant, *v.* JANLER PLASTIC MOLD CORPORATION, Defendant-Appellee.

(No. 56357; ▉▉▉▉▉▉▉

First District (5th Division)—April 6, 1973.

*Rehearing denied May 8, 1973.*

Asher, Greenfield, Gubbins and Segall, of Chicago, (Eugene I. Pavalon and Sidney Robin, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago, (C. Roy Peterson, George L. Burgett, and Richard E. Mueller, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff appeals from an order dismissing his amended complaint. Plaintiff was injured on September 26, 1968, while employed by defendant to maintain an electrically powered band saw. At the time of the injury plaintiff was 17 years of age. Contending that he was an "illegally employed minor," plaintiff rejected his rights to benefits under the Workmen's Compensation Act and proceeded against defendant in an action for damages as permitted by Section 5(a) of the Act. Defendant moved to dismiss plaintiff's amended complaint, arguing that he was not an "illegally employed minor" and hence not eligible to reject his Workmen's Compensation benefits and that plaintiff had failed to file his rejection of the benefits within the six month period prescribed by Section 5(a) of the Act.

The complaint was dismissed and plaintiff urges on appeal that his rejection of benefits as an illegally employed minor was timely filed.

Section 5(a) of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.5) permits an "illegally employed minor or his legal representatives," within six months from the date of injury, to reject his right to benefits under the Act and to pursue a common law or statutory remedy to recover damages for such injury. Plaintiff maintains that he was an "illegally employed minor" because his employment constituted "oppressive child labor" which as defined by the federal Fair Labor Standards Act of 1938 can, under certain circumstances, cover employees between the ages of 16 and 18 years. 29 U.S.C. secs. 203(1), 212(c) and Order 14 of the Secretary of Labor, 29 CFR, ch. V, Part 570, sec. 570.65; CCH Labor Law Reporter, Vol. 1, ¶ 23,720.51.

James Stanley was appointed plaintiff's guardian on September 23, 1969. The rejection of the workmen's compensation benefits was filed with the Illinois Industrial Commission on November 17, 1969. This common law cause of action was commenced on March 10, 1970.

■■ We cannot accept plaintiff's contention that the federal Fair Labor Standards Act definition of the term "oppressive child labor" is controlling in our interpretation of the Illinois Workmen's Compensation Act's use of the term "illegally employed minor." Rather do we look for such assistance to the Illinois Child Labor Law (Ill. Rev. Stat. 1967, ch. 48, par. 31.1) which provides that a minor under 16 years of age cannot be lawfully employed to do the kind of work engaged in by plaintiff. Since plaintiff was 17 at the time of the injury, he was not an "illegally employed minor."

But even if we were to accept plaintiff's contention (which is denied by defendant) that plaintiff was an illegally employed minor for purposes of Section 5(a), we would still be compelled to affirm the dismissal of the complaint. Section 5(a) of the Workmen's Compensation Act specifically states that the rejection of benefits under the Act must be filed by the minor or his legal representatives "within 6 months of the time of injury or death." In the case at bar plaintiff was injured on September 26, 1968. His guardian who was appointed on September 23, 1969, did not file a rejection of the Workmen's Compensation benefits with the Industrial Commission until November 17, 1969. We disagree with plaintiff's argument that the six month period begins to run from the date on which a guardian is appointed. The six month period begins to run from the date on which the employee is injured, not the date on which a guardian is appointed. (*Cadwell v. National Tea Co.*, 343 Ill. App. 206, 98 N.E.2d 516.) Therefore, even if plaintiff was an illegally employed minor, his rejection of the right to benefits under the Workmen's Compensation Act was not filed within the prescribed period. Thus on this ground also plaintiff's complaint must fail.

The judgment is affirmed.

Affirmed.

ENGLISH and LORENZ, JJ., concur.