## Allen Wisell v. C. H. Jorgensen, d/b/a Jorgensen's Honda, and Thomas J. Corey

[398 A.2d 283]

No. 84-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 15, 1979

*S. Scott Smith* of *Carroll, George, Hill & Anderson*, Rutland, for Plaintiff.

*Richard A. Pearson* of *Dick, Hackel & Hull*, Rutland, for Jorgensen.

**Per Curiam.** This appeal is from an order of the Rutland Superior Court. The appellant, Allen Wisell, then 17 years of age, was employed by Jorgensen's Honda as a repairman and test driver of motorcycles. He held a junior operator's license issued under 23 V.S.A. § 614(a). On July 12, 1972, while test driving a motorcycle on Route 103 in Shrewsbury, Vermont, he was injured in a collision with a fellow employee, Thomas Corey. The appellant filed a personal injury action on July 11, 1975, against Jorgensen and Corey. Establishing by affidavit that workmen's compensation benefits had been fully paid to the plaintiff, defendant Jorgensen filed a motion for summary judgment. He argued that the exclusive remedy provision of the Workmen's Compensation Act, 21 V.S.A. § 622, barred the plaintiff from maintaining a separate action for damages against his employer. The plaintiff countered this argument by asserting that his contract of employment was illegal because as a holder of a junior operator's license he was

not entitled to "operate a motor vehicle in the course of his employment," 23 V.S.A. § 614(a), and that under this Court's decision in *Wlock* v. *Fort Dummer Mills*, 98 Vt. 449, 129 A. 311 (1925), the Workmen's Compensation Act did not bar the suit. He filed no opposing affidavit, taking the position that the pleadings must be taken in the light most favorable to him. The superior court concluded that the contract of employment was not illegal as a matter of law and granted summary judgment in favor of defendant Jorgensen. We affirm.

The *Wlock* case holds that the Workmen's Compensation Act does not bar a minor from maintaining a separate damage action against an employer where the contract of employment was illegal. In that case the employment of Cecilia Wlock was in violation of the Child Labor Law, 21 V.S.A. §§ 431–453, and was absolutely prohibited and thus illegal.

It is conceded that the instant employment did not violate the Child Labor Law. The parties have not cited and the court could not discover any other statute or law of this state that makes it unlawful for a person with a junior operator's license to be employed as a repairman or test driver of motorcycles. The fact that the defendant here may have been in violation of some highway traffic regulation while testing motorcycles does not void the contract. Such testing was incidental to the employment for anything that appears in the absence of opposing affidavit. Plaintiff, if he had an issue of illegal employment, was not entitled to rest upon a mere allegation to that effect. V.R.C.P. 56(e).

The contract of employment remained in full force and effect, and the employee was subject to the provisions of the Workmen's Compensation Act.

*Judgment affirmed.*