## Jeffrey D. Bruley and Lillian Bruley Luman v. Fonda Group, Inc.

[595 A.2d 269]

No. 89-437

Present: **Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed June 7, 1991

*Mary G. Kirkpatrick* and *Michael Marks* of *Lisman & Lisman*, Burlington, for Plaintiffs-Appellants.

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.*, Burlington for Defendant-Appellee.

**Morse, J.** The sole issue before us involves the applicability of the exclusivity provision of Vermont's Workers' Compensation Law where a minor employee is injured on the job doing an activity prohibited by federal law. The trial court ruled the exclusivity provision, 21 V.S.A. § 622, applied. We agree and affirm.

Plaintiffs brought a personal injury suit against Fonda Group to recover damages resulting from an accident when Jeffrey Bruley lost control of a 20-horsepower riding mower and collided with a parked tractor trailer truck on the defendant's premises in St. Albans, Vermont. The complaint alleged that defendant was negligent in failing to warn and permitting Jeffrey to operate the lawn tractor, and strictly liable for violating the federal Fair Labor Standards Act by permitting Jeffrey, then fourteen years old, to use a power-driven machine. Jeffrey's mother pled loss of her son's consortium.

The trial court granted summary judgment in defendant's favor on the ground that the exclusivity provision of Vermont Workers' Compensation Law applied to this work-related accident and dismissed the complaint. Plaintiffs appealed.

Although there is some dispute in the record whether Jeffrey's employment included operating the lawn tractor, we assume for purposes of this appeal that it did. Other tasks assigned to Jeffrey involved general yard work, including painting, raking, and picking up debris. At the time of the accident, an older employee told Jeffrey to move the lawn tractor out of the way of vehicular traffic and, while moving it, he lost control and was injured.

Under federal law, minors between fourteen and sixteen years of age may not be employed in "[o]ccupations which involve the operation . . . of any power-driven machinery." 29 C.F.R. § 570.33(b) (1990); see 29 U.S.C. § 212(c) (1988); 29 C.F.R. § 570.2 (1990). Relying on *Wlock v. Fort Dummer Mills*, 98 Vt. 449, 459–60, 129 A. 311, 314–15 (1925), plaintiffs urge us to hold that Jeffrey's employment, being illegal under federal law, should not be governed by workers' compensation and that he be permitted to pursue a common-law action against his employer for damages.

*Wlock* holds that, despite the Workers' Compensation Law, a minor employee, whose employment was illegal under Vermont's Child Labor Law, 21 V.S.A. §§ 431–453 (formerly G.L. §§ 5832–5845), may maintain a separate damage action against an employer. There, Cecelia Wlock was employed in violation of the provision prohibiting employment of certain minors without an employment certificate from the Commissioner of Industries. Cecelia was at an age requiring such a certificate and had none.

The *Wlock* doctrine was raised in *Wisell v. Jorgensen*, 136 Vt. 604, 604-05, 398 A.2d 283, 284 (1979), and held not to apply to a fact pattern very close to the one in this appeal. In *Wisell*, Allen Wisell, a seventeen-year-old who held a junior operator's license, was hired to repair and test-drive motorcycles. While test-driving a motorcycle for his employer, Allen was injured in an accident and he brought suit against his employer. Summary judgment in favor of the defendant employer was affirmed on the basis that the exclusive workers' compensation remedy provision applied, despite the fact that Allen was test-driving motorcycles illegally. His junior license prohibited the operation of motor vehicles during employment.

Noting that in *Wlock* the employment of Cecelia "was absolutely prohibited and thus illegal," the *Wisell* Court stated,

> It is conceded that the instant employment did not violate the Child Labor Law. The parties have not cited and the court could not discover any other statute or law of this state that makes it unlawful for a person with a junior operator's license to be employed as a repairman or test driver of motorcycles. The fact that the defendant here may have been in violation of some highway traffic regulation while testing motorcycles does not void the contract

136 Vt. at 605, 398 A.2d at 284.

We conclude *Wisell* cannot be meaningfully distinguished from this appeal. If the public policy contained in Vermont's highway regulation prohibiting certain young people from driving while employed does not trigger the *Wlock* doctrine, a federal law—the public policy of which has not been adopted by Vermont's Legislature—would have no greater standing.

Although plaintiffs cite numerous cases holding that illegally employed minors who have been injured may sue the employer in a damage suit, all involve violations of *state* child labor laws. See *Whitney-Fidalgo Seafoods, Inc. v. Beukers*, 554 P.2d 250, 251 (Alaska 1976); *Blancato v. Feldspar Corp.*, 203 Conn. 34, 35, 522 A.2d 1235, 1236 (1987); *Widdoes v. Laub*, 33 Del. 4, 7, 129 A. 344, 345 (1925); *Secklich v. Harris-Emery Co.*, 184 Iowa 1025, 1028, 169 N.W. 325, 326 (1918); *Hadley v. Security Elevator Co.*, 175 Kan. 395, 397, 264 P.2d 1076, 1078 (1953). No Vermont statute was violated here. Moreover, plaintiffs cite no cases holding that the child labor provisions of the federal Fair Labor Stand-

ards Act apply in determining whether employment of a minor is lawful for purposes of workers' compensation coverage. To the contrary, two courts have explicitly rejected application of the federal act. See *Estep v. Janler Plastic Mold Corp.*, 11 Ill. App. 3d 551, 552, 297 N.E.2d 341, 342–43 (1973) (state law and not federal Fair Labor Standards Act provides guidance in determining Illinois workers' compensation act's use of the term "illegally employed minor"); *Gaston v. San Ore Construction Co.*, 206 Kan. 254, 256, 477 P.2d 956, 958 (1971) (legality of employment under Kansas workers' compensation act is determined by state not federal law).

■■ We must be mindful not to stretch the will of the Legislature beyond reasonable limits in situations where our personal predilections may favor the result. The common-law measure of recovery may be far more desirable for plaintiffs in this case, but in another when the liability factor is more doubtful, it may be preferable to recover what is available under workers' compensation. Although the *Wlock* doctrine could be extended to permit the worker to choose between remedies or to recover workers' compensation and later deduct it from a common-law recovery, we need not reach such an issue here. The Legislature has set a public policy favoring no-fault recovery in employment-related injuries. We should be slow to carve out exceptions unless the policies as discovered in legislative enactments of this state support them. See *King v. Snide*, 144 Vt. 395, 404, 479 A.2d 752, 756 (1984). That is not the case here. The Vermont Legislature has not disfavored the employment of minors to operate lawn tractors. See 21 V.S.A. § 437.

*Affirmed.*

**Dooley, J.,** dissenting. The majority opinion is based on a distinction without a difference. The holding in *Wlock v. Fort Dummer Mills*, 98 Vt. 449, 129 A. 311 (1925), applied the settled doctrine that "the provisions of the Workmen's Compensation Acts are inapplicable in cases where personal injuries have been suffered by a minor whose employment was unlawful." *Id.* at 458, 129 A. at 314. Illegality is a matter of contract law. Where illegality is based on a violation of statutory law, the statute can be state or federal. See Restatement (Second) of

Contracts § 178 comment a (1981). Thus, it makes no difference whether the employment is illegal under the Vermont Child Labor Law or the federal Fair Labor Standards Act, as long as it is illegal.

The decision in *Wisell v. Jorgensen*, 136 Vt. 604, 398 A.2d 283 (1979), is not consistent with the majority opinion. It reaffirms that *Wlock* allows the minor to sue the employer "where the contract of employment was illegal." *Id.* at 605, 398 A.2d at 284. It found *Wlock* inapplicable because no statute "makes it unlawful for a person with a junior operator's license to be employed as a repairman or test driver of motorcycles." *Id.* In other words, the statute relied upon by plaintiff was a motor vehicle statute, not an employment statute. Plaintiffs here rely on an employment statute that makes unlawful the employment of a minor in an occupation involving the operation of power-driven machinery. This case is like *Wlock* and not like *Wisell*.

Whether state or federal:

> The child labor laws . . . are premised in part on the notion that a child is not competent to assess the risks of personal injury and exploitation attendant in the performance of hazardous activities. Where one party to an agreement possesses a legal disability of this type, we will not permit the other, who occupies a superior bargaining position, to raise the agreement as a shield against the child's common law suit.

*Whitney-Fidalgo Seafoods, Inc. v. Beukers*, 554 P.2d 250, 253 (Alaska 1976). The long-term trend is that state protective labor laws are preempted by federal ones so as to create uniform standards. The public policy of this state should continue to be protective of the options of minors, even if the specific statute involved is federal. To the extent this decision turns on an insular view of statutory turf rather than the dominant public purpose, it is the beneficiaries of protective labor laws who are the losers.

The majority expresses concern that allowing the plaintiffs to pursue the common-law remedy here will make other minors ineligible for workers' compensation, although it acknowledges that minors could be allowed to elect the desired remedy. Allowing an election is consistent with the theory of the *Wlock* doctrine and is not an extension of that case. See *Whitney-Fidalgo*

*Seafoods, Inc. v. Beukers*, 554 P.2d at 253–54; *Blancato v. Feldspar Corp.*, 203 Conn. 34, 41–42, 522 A.2d 1235, 1239 (1987). Doing justice for these plaintiffs does not require us to work an injustice on others.

I dissent.