825 P.2d 611

**Rosita BOYD, individually and as mother and personal representative of the Estate of Tracy Shain Boyd, her son, deceased, Plaintiff-Appellant,**

v.

**PERMIAN SERVICING COMPANY, INC., Defendant-Appellee.**

**No. 19792.**

Supreme Court of New Mexico.

Feb. 5, 1992.

Rehearing Denied March 2, 1992.

Hanratty Law Firm, Kevin J. Hanratty, Artesia, for appellant.

Sterling & Harris, Bonnie M. Stepleton, William E. Singdahlsen, Albuquerque, for appellee.

## OPINION

RANSOM, Chief Justice.

Rosita Boyd sued Permian Servicing Company, Inc. to recover damages for the wrongful death of her son, Tracy Shain Boyd, who died from injuries incurred while working for Permian. Permian filed a motion to dismiss for lack of subject matter jurisdiction under SCRA 1986, 1-012(B)(1), contending the case was governed by the Workers' Compensation Act.[1]

---

**1.** The New Mexico Workers' Compensation Act, NMSA 1978, §§ 52-1-1 to 52-6-25 (Repl.Pamp.1987), provides that its procedures and remedies are exclusive for job related injuries and death, and that the employer and employee are conclusively presumed to have sur-

Plaintiff claimed that the Act did not apply because her sixteen-year-old son was working illegally on a power-driven hoisting device in violation of Sections 212, 215, and 216 of the Fair Labor Standards Act of 1938. 29 U.S.C. §§ 201 to 219 (1988 & Supp.1989).

The trial court, based on evidence outside the pleadings, found that Boyd was legally employed by Permian and that the injuries arose out of and in the course of Boyd's employment. Based on those findings the court concluded that the requirements of coverage under the Act had been met, and that it lacked subject matter jurisdiction. Consequently, the court dismissed plaintiff's claims.

▆▆▆▆ Permian's motion should have been considered as one for dismissal under SCRA 1986, 1–012(B)(6), alleging failure to state a claim upon which relief could be granted. The suit was filed as a claim for wrongful death over which the district courts in New Mexico clearly have jurisdiction. While a death case under the Workers' Compensation Act cannot be brought originally in the district court, that is not because the legislature has removed jurisdiction from the district court over death cases, but rather because the exclusivity provision of the Act is a total bar to an action by an employee against an employer. Further, because the court heard evidence outside the pleadings, the motion should have been analyzed as a motion for summary judgment. SCRA 1986, 1–012(B).

The parties agree the employment of Boyd was not a violation of the New Mexico Child Labor Law. Therefore, we are asked to decide whether employment in violation of the Federal Fair Labor Standards Act would affect exclusivity when there is not a violation of state law.

▆▆▆▆ We affirm the dismissal. In New Mexico, a minor employed under a contract made invalid by the State Child Labor Law may sue for personal injury under the common law. *Maynerich v. Little Bear En-*

*ters.,* 82 N.M. 650, 652, 485 P.2d 984, 986 (Ct.App.1971). New Mexico case law does not deal with illegality under federal law, and the question of whether a contract of employment made invalid under federal law would affect the exclusivity of workers' compensation is a matter of first impression. The three jurisdictions apparently deciding this question to date have held violation of the Federal Fair Labor Standards Act is not controlling so as to render employment voidable and outside of the exclusivity of workers' compensation laws.

Most recently, in *Bruley v. Fonda Group, Inc.,* 595 A.2d 269 (Vt.1991), a divided court held:

> Although plaintiffs cite numerous cases holding that illegally employed minors who have been injured may sue the employer in a damage suit, all involve violations of *state* child labor laws. No Vermont statute was violated here. Moreover, plaintiffs cite no cases holding that the child labor provisions of the federal Fair Labor Standards Act apply in determining whether employment of a minor is lawful for purposes of workers' compensation coverage. To the contrary, two courts have explicitly rejected application of the federal act. *See Estep* ... [and] *Gaston....*

*Id.* at 271 (citations omitted).

In *Estep v. Janler Plastic Mold Corp.,* 11 Ill.App.3d 551, 297 N.E.2d 341 (1973), *aff'd,* 57 Ill.2d 395, 312 N.E.2d 618 (1974), *cert. denied,* 419 U.S. 1109, 95 S.Ct. 781, 42 L.Ed.2d 805 (1975), the court had simply stated:

> We cannot accept plaintiff's contention that the federal Fair Labor Standards Act definition of the term "oppressive child labor" is controlling in our interpretation of the Illinois Workmen's Compensation Act's use of the term "illegally employed minor." Rather do we look for such assistance to the Illinois Child Labor Law which provides that a minor under 16 years of age cannot be lawfully employed to do the kind of work engaged

rendered their rights to procedures and remedies other than those provided in the Act.

NMSA 1978, § 52–1–6.

in by plaintiff. Since plaintiff was 17 at the time of the injury, he was not an "illegally employed minor."

*Id.* 297 N.E.2d at 342–43 (citation omitted).

In *Gaston v. San Ore Construction Co.,* 206 Kan. 254, 477 P.2d 956 (1970), the court specifically asked whether the Federal Fair Labor Standards Act and the child labor provisions thereunder control as to the legality of employment under the Kansas Workmen's Compensation Act. Noting that the Kansas Supreme Court had held to the contrary in *Neville v. Wichita Eagle, Inc.,* 179 Kan. 197, 294 P.2d 248 (1956), the court quoted, with approval, from that opinion:

> We hold that the test of the minor's capacity to enter into an employment contract is that fixed by the laws of this state; that the employment was a lawful one under our workmen's compensation act, and that the liabilities of the employer for injury resulting in the workman's death are measured by that act.

*Gaston,* 477 P.2d at 958 (quoting *Neville,* 294 P.2d at 252). The court went on to reiterate that "the test of whether employment is lawful under the provisions of our Workmen's Compensation Act is determined by the laws of our state and not those of the federal government." *Gaston,* 477 P.2d at 958.

Also, the United States Court of Appeals for the Fifth Circuit, in a diversity case on appeal from summary judgment that a wrongful death claim was barred by Georgia workmen's compensation law, held in four lines that: "Appellants argue ... that their state law wrongful death claim is not precluded by the Georgia workmen's compensation statute. The ... contention is without merit...." *Breitwieser v. KMS Industries, Inc.,* 467 F.2d 1391, 1392 (5th Cir.1972) (the entire opinion actually being directed to denial of any separate basis for liability under the Federal Fair Labor Standards Act which was held not to create an independent cause of action for wrongful death), *cert. denied,* 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705 (1973).

None of these cases enunciate rationale for their holdings. Notable is the dissent of Justice Dooley in *Bruley:*

> Illegality is a matter of contract law. Where illegality is based on a violation of statutory law, the statute can be state or federal. Thus, it makes no difference whether the employment is illegal under the Vermont Child Labor Law or the federal Fair Labor Standards Act, as long as it is illegal.

*Bruley,* 595 A.2d at 271 (citation omitted). The question, however, is not simply one of illegality—it is one of whether the illegality allows for the avoidance of the exclusivity of workers' compensation under state policy.

The workers' compensation statutes of some states specifically provide that illegally employed minors are included within the exclusivity of workers' compensation, *e.g., Lemmerman v. A.T. Williams Oil Co.,* 318 N.C. 577, 350 S.E.2d 83, 85 (1986), or that the minor is given an option of which remedy to pursue, *e.g., Thompson v. Family Godfather, Inc.,* 212 N.J.Super. 270, 514 A.2d 875, 876 (Ct.Law Div.1986). It is a matter of state workers' compensation policy. That is clear. When the legislature has made no specific provision, the courts have inferred a state policy either in favor of exclusivity, *e.g., Jensen v. Sport Bowl, Inc.,* 469 N.W.2d 370 (S.D.1991), or in favor of the worker's right to sue at common law. *E.g., Maynerich,* 82 N.M. at 652, 485 P.2d at 986.

■ The New Mexico Legislature has enacted child labor laws under which the employment in question is legal for sixteen-year-old workers. NMSA 1978, § 50–6–4 (Repl.Pamp.1988) (no child *under* the age of sixteen shall be employed, *inter alia,* on or around a power-driven hoisting apparatus). On this point, the state and federal laws are in conflict. When employment that is illegal under federal penal statutes is not the subject of specific state legislative policy to the contrary, we likely will be disposed to apply the *Maynerich* doctrine in favor of the worker's option. We would infer that to be the intention of the legislature. We cannot, of course, recognize a

policy inconsistent with a declaration of the legislature. Here, we conclude the legislature's specific consideration of the employment of sixteen-year-old workers was sufficient to reflect an intent that the exclusivity of the Workers' Compensation Act apply to such employment. Accordingly, we affirm the district court's dismissal of this wrongful death action as falling within the exclusivity of the Workers' Compensation Act.

IT IS SO ORDERED.

BACA, J., and COLE, District Judge, concur.