Argued and submitted July 29, 1993, affirmed January 5, petition for review denied March 22, 1994 (318 Or 478)

Nina CLEVIDENCE,
Guardian Ad Litem for Randy C. Olesen, a Minor,
*Appellant,*

*v.*

PORTLAND SCHOOL DISTRICT #1,
*Respondent.*

(9202-00733; CA A76242)

866 P2d 492

David C. Force argued the cause and filed the briefs for appellant.

Thomas W. McPherson argued the cause for respondent. With him on the brief was Peter R. Mersereau.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Plaintiff appeals a judgment for defendant Portland School District No. 1, in this action brought under the Oregon Tort Claims Act. Plaintiff is the conservator and guardian *ad litem* for Randy Olesen, her minor grandson. Randy was injured in the cafeteria at Lewis Elementary School, operated by defendant, where Randy was a fourth-grader. At the time of the accident, Randy was working to put away tables in the cafeteria as a participant in the school district's "cafeteria assistance program," under which students may work in the cafeteria and receive free lunch. A table fell on him and seriously injured his right leg.

Plaintiff brought this personal injury action against defendant on behalf of Randy, alleging that Randy's injuries were due to defendant's negligence. Plaintiff assigns error to the trial court's granting of defendant's motion for summary judgment. The court held that, because Randy was an employee of the district, his exclusive remedy is under the Workers' Compensation Law and that defendant is immune from liability pursuant to ORS 30.265(3)(a):

"Every public body [is] * * * immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

Randy's father had given written consent for Randy to work in the lunchroom. The consent form stated that "students are covered by State Accident Insurance while working in the lunchroom." The school district is self-insured, pursuant to ORS 656.017. Defendant submitted evidence on summary judgment that, at the time of the accident, it had elected pursuant to ORS 656.039 to provide workers' compensation coverage to students participating in the cafeteria assistance program and had paid workers' compensation premiums to itself for that coverage. It submitted evidence that the assessments were calculated by determining the total number of student workers in the district's schools for a given quarter and multiplying that number by the value of the meal provided to the participants as consideration for their cafeteria work. Defendant determined that Randy was entitled to workers' compensation coverage and paid medical benefits to him.

Plaintiff contends that the immunity of ORS 30.265(3)(a) does not apply, because Randy was not a covered worker, as he was under the age of 14 and could not be legally employed, *see* ORS 653.320,[1] and he did not have the legal ability to enter a contract for employment. Further, she contends, as a matter of public policy, under the circumstances here defendant should not be granted immunity under ORS 30.265(3).

■    We need not address plaintiff's contentions concerning the legality of Randy's employment. The coverage of the Workers' Compensation Law extends to all persons who fall within the definition of the term "worker." ORS 656.005(28) defines "worker" as

> "any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

The definition expressly includes minors, whether lawfully or unlawfully employed. Under Oregon law, a minor, although illegally employed, is still entitled to the benefits of the workers' compensation system, and those benefits are exclusive. *Manke, Adm'x v. Nehalem Logging Co.*, 211 Or 211, 219-23, 301 P2d 192, 315 P2d 539 (1957). Accordingly, plaintiff's argument that defendant unlawfully employed minor children is irrelevant to the determination of whether Randy was a worker entitled to benefits under the Workers' Compensation Law. If the other requirements of ORS 656.005(28) are satisfied, Randy is a worker for purposes of workers' compensation, despite his age or the legality of his employment relationship.

■    Plaintiff contends that the lunches that Randy received are not, as a matter of law, "remuneration" under the statute, because Randy had "an absolute statutory right to receive a free school lunch whether he furnished his services to Defendant or not." Plaintiff offered no evidence, nor has she cited any authority, in support of her position

---

[1] ORS 653.320(1) provides, in part:

"No child under the age of 14 shall be employed in any work or labor for wages or other compensation to whomsoever payable, during the term when the public schools of the * * * district * * * in which the child resides are in session."

that defendant was mandated by law to provide lunches to Randy. We reject the contention that the lunches could not, as a matter of law, be remuneration. *See Buckner v. Kennedy's Riding Acad.*, 18 Or App 516, 526 P2d 450 (1974).

Plaintiff contends that, even if Randy was a worker for purposes of workers' compensation, he was excluded from coverage under ORS 656.027. We need not decide that question. ORS 656.039(1) provides:

"An employer of one or more persons defined as nonsubject workers or not defined as subject workers may elect to make them subject workers. * * * If the employer is or becomes a self-insured employer, the election shall be made by filing written notice thereof with the director, the effective date of coverage to be the date specified in the notice."

Throughout this proceeding, defendant has maintained that it elected to provide coverage for Randy pursuant to that section.

For the first time on appeal, plaintiff argues that there is no evidence that defendant's election was procedurally correct. We disagree with plaintiff's assessment of the record. Defendant presented uncontradicted evidence that, pursuant to ORS 656.039(1), it elected to and did provide workers' compensation coverage for plaintiff. Plaintiff submitted no evidence or counter affidavit that defendant's election was incomplete or ineffective.

Plaintiff further contends that there is an issue of fact as to whether Randy's injuries arose out of and in the course of his employment. Plaintiff does not direct us to any specific part of the record to establish such an assertion. However, we have reviewed all of the record and conclude that there is no question of fact as to whether Randy was in the course of his employment at the time of the injury.

For the first time on appeal, plaintiff makes several arguments concerning the constitutionality of ORS 30.265(3) as applied to injured student workers. We will not address them.

The trial court properly granted defendant's motion for summary judgment.

Affirmed.