Submitted on remand from the Oregon Supreme Court December 23, 1996, affirmed June 11, 1997

Ramiro and Margarita RANGEL,
Co-Personal Representatives for the
Estate of Everado Rangel-Jasso, Deceased,
*Appellants,*

*v.*

DENTON PLASTICS, INC.,
an Oregon corporation,
Dennis Denton,
John Criswell Dickson,
*Respondents.*

(C9402-00949; CA A85718)

939 P2d 644

Kevin L. Cathcart and Clayton H. Morrison for appellants.

Scott P. Monfills, Jeffrey S. Love, W. Iain E. Levie and Lane Powell Spears Lubersky for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs are the parents of Everado Rangel-Jasso and the personal representatives of his estate. Everado was killed at the age of 17 when a forklift that he was operating in his employment with Denton Plastics, Inc., (Denton) over-turned. Plaintiffs assert several claims against Denton and two of its officers arising from Everado's death. The trial court granted summary judgment to defendants on the ground that the Workers' Compensation Act (the Act) provides plaintiffs' sole remedy. ORCP 47. We originally affirmed without opinion. *Rangel v. Denton Plastics, Inc.*, 135 Or App 385, 898 P2d 817 (1995). The Supreme Court vacated our decision and remanded for reconsideration in light of *Kilminster v. Day Management Corp.*, 323 Or 618, 929 P2d 474 (1996). On reconsideration, we again affirm.

Plaintiffs' complaint alleges five claims, including three claims based on the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO), a claim entitled "Deliberate Intention to Injure," and a claim entitled "Violation of Child Labor Law In Absence of Good Faith." In their motion for summary judgment, defendants did not contest that plaintiffs could prove the factual allegations in their complaint. Rather, they submitted evidence that Denton Plastics had complied with the requirements of the Act and that plaintiffs have received the benefits to which they are entitled. In response, plaintiffs did not challenge the evidence of Denton's compliance with the Act or of the payment of workers' compensation benefits. Rather, they contended that the Act did not provide their only remedy and that their claims were based on exceptions to the exclusivity provisions of the Act.

ORS 656.018(1)(a) provides that the liability of every employer who complies with the Act is "exclusive and in place of all other liability." ORS 656.156(2) creates an exception to ORS 656.018. It provides, in part:

> "If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker * * * may take under this chapter, and also have cause for action against the employer, as

if such statutes had not been passed, for damages over the amount payable under [the Workers' Compensation Act]."

■ Plaintiffs argue, in part, that their claim for "Deliberate Intention to Injure" falls within the exception created by ORS 656.156(2). They rely on allegations that defendants directed decedent and others to operate hazardous equipment without providing safety training and instructions on how to operate the equipment "in a language they could understand." They also allege that their decedent's work-related death

"23.

"* * * was caused by the deliberate intention of defendants to injure in one or more of the following particulars:

"* * * * *

"(c) In intentionally removing, overriding, bypassing or failing to purchase, repair or replace safety equipment and other mechanisms for the forklift on which [decedent] was killed and for other hazardous equipment used by their employees.

*"The specific nature of the acts evidencing defendants deliberate intention to injure plaintiffs' decedent are described with more particularity in a citation* issued to Denton Plastics, Inc. on or about March 12, 1992, by the State of Oregon Occupational and Safety and Health Administration Division (OROSHA), which is attached as Exhibit 1." (Emphasis supplied.)

Regarding the *removal* of safety equipment from fork lifts, exhibit 1 says, in part,

"5. * * *

"(a) All employees were not properly trained and supervised, as evidenced by:

"* * * * *

"(6) *Although seat belts were provided on the forklifts, management did not enforce their use.*

"* * * * *

"8. * * *

"(a) Operators of forklifts were not required to use the seat belts installed on the forklifts." (Emphasis supplied.)

For purposes of summary judgment, defendants admit the above allegations but argue that those facts do not give rise to a reasonable inference of a deliberate intention to injure. Thus, the initial issue is whether such an inference can be drawn from the above evidence. There are three cases that are instructive on the issue. In *Lusk v. Monaco Motor Homes, Inc.*, 97 Or App 182, 775 P2d 891 (1989), we held that such an inference could be drawn from the defendant's failure to provide a respirator in a paint booth, knowing that the paint was highly toxic, that the plaintiff's resulting injury was continuing, that the paint manufacturer had warned against such a practice and that the cost of the equipment to protect the worker was not prohibitive. We said:

"A specific intent to produce injury is not the only permissible inference to be drawn from defendant's apparent obstinacy, but it is one that a jury should be permitted to consider." *Id.* at 189.

The second case is *Kilminster v. Day Management Corp.*, 323 Or 618, 929 P2d 474 (1996). In that case, the plaintiff's decedent fell from a tower after the employer had deliberately not supplied him with safety equipment. The court interpreted the phrase "deliberate intent to injure" in ORS 656.156(2) to mean that the worker must prove that the employer "acted as it did because it wished to injure or kill decedent." *Id.* at 633. The court, in agreeing that the plaintiff's complaint stated sufficient facts to raise a reasonable inference that the employer had acted on a wish to injure the worker, reasoned:

"Plaintiff alleges that [employer] *knew* that decedent or someone who did the same work as decedent *would* be injured from a fall from the tower; that [employer] decided to forego safety procedures, *knowing* that, by so doing, serious injury or death *would* result; and that [employer] told decedent to climb the tower or lose his job." *Id.* at 632. (Emphasis in original.)

Finally, in *Davis v. United States Employers Council, Inc.*, 147 Or App 164, 934 P2d 1142, *rev den* 325 Or 368 (1997), we applied the "wish to injure" description of the test

under ORS 656.156(2) to a case in which the plaintiff alleged that he had been regularly exposed to excessive levels of paint fumes that had injured him. *Id*. at 174-79. The defendant knew that the conditions in the work place were hazardous and that its employees were being injured. Nonetheless, it directed the plaintiff to continue to work in that environment. The trial court granted the employer's motion for involuntary dismissal based on an acknowledgment by the plaintiff that the employer had acted, at worst, out of a motivation to save money, not from an affirmative desire to injure the plaintiff or his coworkers. We affirmed, stating:

> "Given plaintiff's laudable candor, the application of the 'wish to injure' formulation in this case is clear. Plaintiff acknowledges that he cannot prove that defendant refused to undertake safety measures because it wished to injure him. Consequently, the trial court correctly determined that plaintiff's action was barred by ORS 656.018." *Id*. at 179.

This case comes before us on summary judgment under ORCP 47 in contrast to the pleading issues in *Lusk* and *Kilminster*. The test under the rule is whether plaintiffs have produced sufficient evidence of a deliberate intention to injure to raise a genuine issue of material fact. The nonexistence of a material fact occurs when no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the summary judgment motion. Plaintiffs have alleged specific safety violations, which are described in particularity in OR-OSHA's citation appended to the complaint. Thus, we look to the citation to determine whether or not plaintiffs have raised a genuine issue of material fact.

■■  The evidence from the citation must satisfy the specific standard of a deliberate intent to injure as required by ORS 656.156(2). Thus, to preclude summary judgment under the statute, plaintiffs must offer evidence that defendants acted as they did because they wished to injure the decedent. Acts or omissions of gross negligence, carelessness, recklessness or conscious indifference to injury do not meet the requisites of a deliberate intention to injure. *Kilminster*, 323 Or at 633. The citation complains of the failure to provide safety training, to provide instructions in a language other than

English and to require fork lift operators to use their seat-belts. When the evidence is taken as a whole, those are not facts that give rise to a reasonable inference that defendants wished to injure the decedent. Unlike in *Lusk* and in *Kilminster*, where it was *alleged* that the defendants directed the activity knowing that injury was occurring or was certain to occur without the safety equipment, the above omissions, without the benefit of additional facts, are evidence only of negligence or recklessness. A reasonable trier of fact could not infer on this record that· defendants' omissions were designed to injure decedent. Accordingly, the trial court did not err when it granted summary judgment on plaintiffs' deliberate intent to injure claim under ORS 656.156(2).

■        Plaintiffs also assign error to the trial court's grant of summary judgment on their claims for injury arising from alleged violations of ORICO. ORS 166.715 *et seq*. The complaint alleges three claims for relief under ORICO: (1) defendants recklessly endangered the decedent by directing him to operate the forklift without safety training and non-English instructions and by not requiring him to wear a seat belt (all in violation of ORS 163.195); (2) defendants falsified employment records in violation of ORS 165.080(1); and (3) defendants obstructed governmental administration in violation of ORS 162.235.[1] Plaintiffs posit that these violations give rise to viable claims even though the decedent's injury occurred in the course of his employment.

In *Kilminster*, the court held that ORS 656.018 bars claims made under ORICO unless there is evidence that the racketeering activity arises from the deliberate intention of the employer to produce injury or death. 323 Or at 633-37. Although plaintiffs allege the bare conclusion that defendants deliberately intended to injure decedent, there is no evidence from which such an inference can reasonably be drawn in the light of the information in the citation. The trial court did not err in granting summary judgment on plaintiffs' ORICO claims.

---

[1] ORS 163.195 makes it unlawful to engage in conduct that creates a substantial risk of serious physical injury to another person. ORS 165.080(1) makes it unlawful to falsify records with the intent to defraud, and ORS 162.235 makes it unlawful to obstruct or hinder the administration of law by intimidation, force, physical or economic interference.

■     Finally, plaintiffs allege under ORS 656.132 that defendants employed decedent in violation of state and federal child labor statutes and regulations without a good faith belief that he was over the age of 18. In the same claim, they allege that defendants were negligent in several respects. Plaintiffs assert that defendants' bad faith violation of the statute deprives them of the protection of the exclusive remedies provision in ORS 656.018 and that they can elect to sue defendants for their negligence.

Plaintiffs' arguments are those that were rejected in *Manke, Adm'x v. Nehalem Logging Co.*, 211 Or 211, 222-23, 315 P2d 539 (1957). In that case, the plaintiffs alleged that the decedent was 17 years of age and that the defendants permitted the decedent to work without any permit or certificate of any kind. *Id.* at 216. The court analyzed whether the Act was the plaintiffs' sole remedy. At that time, ORS 656.132 provided, in part:

"(1)  A minor working at an age legally permitted under the laws of this state is considered sui juris for the purpose of [the Act]. * * *

"(2)  If an employer subject to [the Act] in good faith employed a minor under the age permitted by law, believing him to be of lawful age, and the minor sustains an injury or suffers death in such employment, the minor is conclusively presumed to have accepted the provisions of [the Act]. * * *

"(3)  If the employer holds no such certificate and the commissioner finds that the employer did not employ such minor in good faith, the minor is entitled to the benefits of [the Act], but the employer shall pay to the Industrial Accident Fund by way of penalty a sum equal to 25 percent of the amount paid out or set apart under such statutes on account of the injury or death of such minor, but such penalty shall not exceed $500."[2]

The plaintiffs argued that the statute provided an independent cause of action for minors who had been employed in bad faith in violation of the statute. The court rejected the plaintiffs' argument and determined that, because the legislature had repealed legislation[3] that had

---

[2] ORS 656.132 is substantively the same today.

[3] *Compare* Or Laws 1913, ch 112, § 11 *with* Or Laws 1927, ch 312, § 1.

specifically excluded minors from the Act, it had "clearly expressed the intent that all minors should be covered under the [A]ct." *Id.* at 219.

■    We do not perceive any reason why the *Manke* court's interpretation is not controlling, and we are bound by it. According to the Supreme Court, the statute is intended to provide only a civil penalty against a noncomplying employer. Thus, a minor, "whether lawfully or unlawfully employed," is entitled to the benefits of the Act, and "those benefits are exclusive." *Clevidence v. Portland School District # 1*, 125 Or App 608, 611, 866 P2d 492, *rev den* 318 Or 478 (1994). Consequently, the trial court properly granted summary judgment on plaintiffs' claim based on the violation of child labor laws.

Affirmed.