Doyle Alexander Jr. MASER,
Appellant (Plaintiff),

v.

L. AND H. WELDING AND MACHINE COMPANY, a Wyoming corporation, d/b/a L & H Welding & Machine Company, Appellee (Defendant).

Doyle Alexander Jr. Maser,
Appellant (Plaintiff),

v.

L. and H. Welding and Machine Company, a Wyoming corporation d/b/a L & H Welding & Machine Company, Appellee (Defendant).

Nos. 99–211, 99–227.

Supreme Court of Wyoming.

March 24, 2000.

Representing Appellant: Clark D. Stith of Greenhalgh, Beckwith, Lemich & Stith, P.C., Rock Springs, WY. Argument presented by Mr. Stith.

Representing Appellee: Michael Rosenthal, Dominique D.Y. Cone, and Ian D. Shaw of Hathaway, Speight & Kunz, Cheyenne, WY. Argument presented by Messrs. Rosenthal and Shaw.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Doyle Alexander Jr. Maser[1] (Appellant) appeals from a determination by the district court that the provisions of the Wyoming Worker's Compensation Act (the Act) provided the exclusive remedy for injuries he suffered while an employee of L. and H. Welding and Machine Company (L & H Welding). We conclude that the Act constitutes Appellant's exclusive remedy and affirm.

Appellant provides us with the following statement of the issues:

1. Whether an employer may be subject to civil liability for work related injuries to a minor who is not a "legally employed minor" and thus not an "employee" under Wyo. Stat. § 27–14–102(vii).

2. Whether the Wyoming State Legislature, in amending the definition of "employee" under Wyo. Stat. § 27–14–102(vii) to include "legally employed minors," intended to exclude minors whose employment is illegal under federal child labor laws.

3. Whether the District Court erred in finding that DJ Maser was a "legally employed minor" under Wyo. Stat. § 27–14–102(vii), where DJ Maser was hired for an illegal purpose and his only activities were illegal under federal child labor laws.

4. Whether the disputed fact of whether DJ Maser's job description included any lawful activities is material precluding summary judgment, or whether an employment contract is voidable where illegal tasks form any part, or a substantial part, of the contract for employment.

5. Whether the District Court erred in adopting a subjective intent standard for contract formation in finding that an employment contract was valid because of the employer's alleged subjective intent, at some undetermined time in the future, to request that DJ Maser perform some lawful activities in addition to the expressed purpose of performing illegal activities.

6. Whether the District Court violated Wyoming Rule of Civil Procedure 6(c)(2) in ruling on L. and H. Welding's Motion to Dismiss without a hearing, where a hearing had been timely requested.

7. Whether the District Court wrongfully held DJ Maser's supplemental affidavit to be untimely, where it was submitted at least one day prior to any hearing on L. and H. Welding's Motion under Wyoming Rule of Civil Procedure 6(c)(1).

L & H Welding responds with the following statement of the issues:

1. Whether the exclusivity provisions of Wyoming's Worker's Compensation Act bar Appellant's lawsuit where Appellant's employer properly paid into the worker's compensation fund, where Appellant applied for and received worker's compensation benefits and where Appellant was legally employed.

2. Whether the exclusivity provisions of Wyoming's Worker's Compensation Act bar Appellant's lawsuit if Appellant's employment was legal under Wyoming law but involved the performance of a task which violated the federal Fair Labor Standards Act.

3. Whether the District Court abused its discretion when it denied Appellant's motion to reconsider the order granting summary judgment in favor of Appellee.

---

1. Initially, this action was commenced on Appellant's behalf by his parents because he was a minor. Appellant attained the age of majority during the course of the proceedings below and, on July 23, 1999, the district court granted a motion to substitute Appellant as the plaintiff.

## FACTS

In April of 1997, Appellant, who was sixteen years old, began working part-time for L & H Welding. Appellant was put to work cleaning a large, inoperable press brake, which, when operational, is used to bend steel. The cleaning procedure required that Appellant, using a plastic brush and rags soaked in a flash naphtha solvent, scrub off the oil and grease that had accumulated on the press brake. Appellant was provided with a bucket of rags and when the rags were no longer useable, they were simply discarded in a pile on the floor by the press brake.

On the day of his accident, Appellant was cleaning the press brake as usual. At the same time, two other employees were welding in Appellant's vicinity. The proximity of the welding and the highly flammable cleanser unsurprisingly combined to create a dangerous environment: Sparks from the welding set Appellant's pile of rags on fire. Appellant was severely burned when he attempted to extinguish the fire by stamping on the rags. Subsequently, Appellant was awarded worker's compensation benefits for his injuries.

On July 23, 1998, this action was commenced against L & H Welding alleging negligence, negligent hiring, respondeat superior, and negligent infliction of emotional distress for the injuries sustained by Appellant in the fire. Appellant's action was predicated upon his contention that federal law prohibited anyone under the age of eighteen years from working on a press brake. Appellant argued that since his employment was unlawful, he was not covered by worker's compensation and, hence, was able to sue his employer. L & H Welding countered with a motion to dismiss based on the exclusivity provisions of the Act.

The motion to dismiss was converted by the district court into a motion for summary judgment. On May 10, 1999, after considering the materials offered by each party in support of their respective position, the district court issued a decision letter granting summary judgment in favor of L & H Welding. The district court concluded that while federal law may have prohibited the type of employment Appellant was engaged in when injured, the employment was lawful under Wyoming law and, hence, worker's compensation provided Appellant with his exclusive remedy. On June 8, 1999, Appellant filed an additional affidavit in rebuttal to an affidavit from an L & H Welding employee. Nevertheless, the district court affirmed its decision letter through an order issued on June 14, 1999. Appellant filed a motion for reconsideration, which was denied on July 19, 1999. The district court concluded that the rebuttal affidavit was untimely and concluded further, that even if it had been timely, it would not have affected the court's decision. Appellant takes his appeal from the district court's orders challenging the grant of the summary judgment in favor of L & H Welding and the denial of his motion for reconsideration.

## STANDARD OF REVIEW

Our standards for reviewing an appeal of a summary judgment order are well established:

A summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to be awarded a judgment as a matter of law. *Marchant v. Cook*, 967 P.2d 551, 553–54 (Wyo.1998); *Covington v. W.R. Grace–Conn., Inc.*, 952 P.2d 1105, 1106 (Wyo. 1998); *see also* W.R.C.P. 52(c). The Wyoming Supreme Court evaluates the propriety of a summary judgment by employing the same standards and by using the same materials as the district court employed and used. *Covington*, 952 P.2d at 1106. We examine the record in the light most favorable to the party who opposed the motion for a summary judgment, and we give that party the benefit of all the favorable inferences that may be fairly drawn from the record. *Id.; Marchant*, 967 P.2d at 554. We do not accord deference to the district court's decisions on issues of law. *Ahearn v. Tri–County Federal Savings Bank*, 948 P.2d 896, 897 (Wyo.1997).

*Boone v. Frontier Refining, Inc.*, 987 P.2d 681, 685 (Wyo.1999). The resolution of this matter requires us to engage in statutory

interpretation, which is a question of law. *Farmer v. Wyoming Department of Transportation*, 986 P.2d 165, 166 (Wyo.1999). When interpreting statutes, we look at the " 'ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged.' " *Id.* (quoting *Parodi v. Wyoming Department of Transportation*, 947 P.2d 1294, 1295 (Wyo. 1997)). We will abide by the plain meaning of a statute if its language is clear and unambiguous. *Peterson v. Wyoming Game and Fish Commission*, 989 P.2d 113, 117 (Wyo. 1999). Statutes are "construed as a whole with the ordinary and obvious meaning applied to words as they are arranged in paragraphs, sentences, clauses and phrases to express the intent of the legislature." *Id.*

## DISCUSSION

The scope of worker's compensation coverage is set forth in Wyo. Stat. Ann. § 27–14–102(a)(vii) (LEXIS 1999), which provides in part:

> "Employee" means any person engaged in any extrahazardous employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, and includes *legally employed minors* and aliens authorized to work by the United States department of justice, immigration and naturalization service.

(Emphasis added.) The core of this dispute centers around the effect of the phrase "legally employed minors." Appellant relies upon federal law to support his contention that he was not a legally employed minor; specifically, the Fair Labor Standards Act, which defines "oppressive child labor" as:

> a condition of employment under which ... any employee between the ages of sixteen and eighteen years is employed by an employer in any occupation which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of children between such ages or detrimental to their health or well-being[.]

29 U.S.C.A. § 203(*l*) (1998). In accordance with that section, federal regulations define the following as hazardous occupations for minors:

> (a) *Finding and declaration of fact.* The following occupations are particularly hazardous for the employment of minors between 16 and 18 years of age:
>
> > (1) The occupations of operator of or helper on the following power-driven metal forming, punching, and shearing machines:
> >
> > > . . . .
> > >
> > > (iii) All bending machines, such as apron brakes and press brakes.
> > >
> > > . . . .
> >
> > (2) The occupations of setting up, adjusting, repairing, oiling, or cleaning these machines including those with automatic feed and ejection.

29 C.F.R. § 570.59 (1999). Since federal law prohibits the employment of anyone under the age of eighteen in an occupation found to be hazardous for minors, Appellant asserts that his employment cleaning the press brake was illegal, and, hence, he was not covered by worker's compensation. *See also* 29 C.F.R. § 570.2 (1999).[2]

L & H Welding counters with a reference to Wyoming law:

> (a) No child under sixteen (16) years of age shall be employed, permitted, or allowed to work at, in, or in connection with any of the following occupations, or at any of the following kinds of work except for the purpose of instruction in the public schools:
>
> > (i) The operation of or working on heavy construction equipment;
> >
> > (ii) Employment requiring contact with or exposure to explosives or dangerous chemicals; or in any other occupation declared by the department of employment as hazardous, for the employment of children under sixteen (16) years of age.
>
> (b) The department of employment is hereby authorized to declare any occupa-

---

**2.** A question was raised as to whether or not cleaning an *inoperable* machine of this type would even fall within the purview of this statute. However, as the answer to the question is not pertinent to our analysis, we will not consider it.

tion hazardous for the employment of children under sixteen (16) years of age.

Wyo. Stat. Ann. § 27–6–112 (LEXIS 1999). L & H Welding contends that since Appellant was sixteen years old at the time he was working on the press brake, his employment was lawful under Wyoming law and, hence, worker's compensation provides the exclusive remedy for his injuries.

■ In 1996, the legislature amended § 27–14–102(a)(vii) to include, among other things, the phrases "legally employed minors" and "aliens authorized to work by the United States department of justice, immigration and naturalization service." 1995 Wyo. Sess. Laws, Ch. 121. Taking the plain, unambiguous language of that statute, we conclude that the legislature intended for Wyoming law to define whether a minor was "legally employed." Unlike the following phrase related to aliens, "legally employed minors" is not modified by a subsequent phrase directing us specifically towards federal law as the defining authority of whether that particular type of employee is covered by worker's compensation. *See Felix v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 986 P.2d 161, 163–64 (Wyo.1999). Obviously, since the legislature included a reference to federal law in conjunction with the worker's compensation coverage of aliens and if such was its intent in regard to minors, then the legislature could have easily chosen to include a similar reference. That it chose not to do so is telling, especially in light of the fact that Wyoming law provides standards for the legal employment of minors.

In support of its decision, the district court relied upon *Boyd v. Permian Servicing Co., Inc.*, 113 N.M. 321, 825 P.2d 611 (1992).[3] In that case, a sixteen-year-old was killed while working on a power-driven hoisting device in violation of the Federal Fair Labor Standards Act. Nevertheless, the New Mexico court ruled that state law defined the scope of legal employment under that state's worker's compensation act:

> The New Mexico Legislature has enacted child labor laws under which the employment in question is legal for sixteen-year-old workers. NMSA 1978, § 50–6–4 (Repl.Pamp.1988) (no child *under* the age of sixteen shall be employed, *inter alia*, on or around a power-driven hoisting apparatus). On this point, the state and federal laws are in conflict. When employment that is illegal under federal penal statutes is not the subject of specific state legislative policy to the contrary, we likely will be disposed to apply the *Maynerich [v. Little Bear Enters.*, 82 N.M. 650, 485 P.2d 984 (Ct.App.1971)][4] doctrine in favor of the workers' option. We would infer that to be the intention of the legislature. We cannot, of course, recognize a policy inconsistent with a declaration of the legislature. Here, we conclude the legislature's specific consideration of the employment of sixteen-year-old workers was sufficient to reflect an intent that the exclusivity of the Workers' Compensation Act apply to such employment.

*Boyd*, 825 P.2d at 613–14.

Similarly, we conclude that in the absence of a specific legislative directive to apply

---

3. Several other states have ruled that even if a minor is employed in violation of federal safety laws, worker's compensation provides the exclusive remedy. *See Estep v. Janler Plastic Mold Corporation*, 11 Ill.App.3d 551, 297 N.E.2d 341 (1973), *aff'd*, 57 Ill.2d 395, 312 N.E.2d 618 (1974), *cert. denied*, 419 U.S. 1109, 95 S.Ct. 781, 42 L.Ed.2d 805 (1975); *Bruley v. Fonda Group, Inc.*, 157 Vt. 1, 595 A.2d 269 (1991); *Rangel v. Denton Plastics, Inc.*, 148 Or.App. 328, 939 P.2d 644 (1997); *Noble v. Blume Tree Services, Inc.*, 646 So.2d 441 (La.App. 1 Cir.1994); *Estate of Kimmell v. Seven Up Bottling Co.*, 993 F.2d 410 (4th Cir.1993); *Jensen v. Sport Bowl, Inc.*, 469 N.W.2d 370 (S.D.1991); *In re Lockard*, 76 Idaho 506, 285 P.2d 473 (1955); and *Gaston v. San Ore Construction Co.*, 206 Kan. 254, 477 P.2d 956

(1970). Each of these cases, however, reached their result relying, at least in part, on the rule of "liberal construction." Wyoming does not follow the common law rule of "liberal construction." Wyo. Stat. Ann. § 27–14–101(b) (LEXIS 1999). In our decision we rely on only the New Mexico case, since that state does not follow the common law rule either. N.M. Stat. Ann. § 52–5–1 (Michie 1991).

4. *Maynerich* held that when a minor was employed under a contract made invalid by the State Child Labor Law, they could sue for personal injury under the common law or take the worker's compensation benefits at their discretion. 485 P.2d at 986.

federal law, state law applies. The legislature has deemed the employment of sixteen-year-old minors in the job at issue here to be legal. Wyo. Stat. Ann. § 27–6–112 (LEXIS 1999). We note that what is at issue here is the scope of worker's compensation coverage, not the validity of § 27–6–112 as a safety regulation in light of the apparent conflict with federal law. It is within the legislature's province to determine the scope of worker's compensation coverage, and we will not disturb that judgment.

 Finally, Appellant argues that the district court erred when it concluded that his affidavit in rebuttal was late. The district court denied the admission of the affidavit, but it noted that even if it had considered the affidavit, the decision would have remained the same. We have reviewed the affidavit and concur with the district court's determination. Error, if any, in the denial of the affidavit's admission was harmless.

### CONCLUSION

Absent a specific directive from the legislature, we will apply Wyoming law to define the parameters of worker's compensation coverage. In this instance, Wyoming law indicates that Appellant's employment was lawful. Therefore, we affirm the district court's determination that the provisions of our Worker's Compensation Act provide the exclusive means of Appellant's recovery for his injuries.

Affirmed.