**Arnold E. PONCE, Plaintiff—Appellant,**

**v.**

**GENERAL MOTORS CORPORATION, AN ACTIVE DELAWARE CORPORATION AUTHORIZED TO DO BUSINESS IN OREGON; United Au-**

tomobile, Aerospace & Agricultural Implement Workers of America, (UAW), Local 492, Defendants—Appellees.

No. 04–35040.

United States Court of Appeals, Ninth Circuit.

Submitted on the briefs July 13, 2005.*

Decided July 26, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Terrance J. Slominski, Slominski & Associates, Tigard, OR, for Plaintiff–Appellant.

Donna M. Cameron, Esq., Miller Nash, LLP, Portland, OR, for Defendants–Appellees.

Before: RYMER and KLEINFELD, Circuit Judges, and WEINER,** District Judge.

## MEMORANDUM ***

We need not decide whether the district court abused its discretion in denying Ponce's motion for leave to amend his complaint because the denial did not prejudice Ponce.[1] The complaint pleaded that Ponce "is a person with a disability" under Oregon law, and Oregon law defines "disabled person" to include a person who is "regarded as" having the requisite impairment.[2]

■ Summary judgment was proper because Ponce did not establish a genuine issue of material fact as to whether he was "regarded as" disabled. His evidence did not show that his claimed need to wear dark glasses substantially limited a major life activity, as the Oregon statute requires.[3] Under *EEOC v. United Parcel Service*,[4] General Motors can be found to have regarded Ponce as disabled for the major life activity of seeing only if it mistakenly believed that his actual non-limiting impairment substantially limits one or more major life activities.[5] There is no evidence in the record from which a jury could conclude that this was so.[6]

There was also no evidence that General Motors' belief that it was dangerous for Ponce to work certain jobs while wearing dark tinted glasses was mistaken.[7] The doctor employed by the company advised that the dark glasses could be a safety hazard, and the safety compliance officer for the state occupational safety and health division wrote the employer that it had committed a violation because employees were seen in the warehouse wearing tinted

---

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1408 n. 11 (9th Cir.1995); *EEOC v. Boeing Co.*, 843 F.2d 1213, 1221–22 (9th Cir.1988).

2. *See* Or.Rev.Stat. § 659A.100(1)(a); *see also Snead v. Metro. Property & Cas. Ins. Co.*, 237 F.3d 1080, 1087–88 (9th Cir.2001).

3. *See* Or.Rev.Stat. § 659A.100(1)(a).

4. *EEOC v. United Parcel Serv., Inc.*, 306 F.3d 794 (9th Cir.2002).

5. *See id.* at 803; *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

6. *See EEOC v. United Parcel Serv.*, 306 F.3d at 803; *see also Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539–41 (9th Cir.1997).

7. *See EEOC v. United Parcel Serv.*, 306 F.3d at 804–05.

lenses, which constituted "an unsafe and unacceptable work practice."

There was no cognizable evidence to support applying the exception for intentional injuries [8] to the exclusive remedy provision [9] of Oregon's workers' compensation statute. Respondeat superior does not apply because the exception requires that the employer itself, not just the supervisor, had the intent to produce the injury.[10] There is no evidence that General Motors, not just Ponce's supervisor, intended to injure Ponce,[11] or that General Motors wished to injure Ponce.[12]

Summary judgment was proper on Ponce's claim of intentional infliction of emotional distress because Ponce has not satisfied the elements of that tort under Oregon law.[13] Issues raised in a brief but not supported by argument are deemed abandoned.[14] Ponce has not pleaded any of the elements of the tort, and fails to cite any authorities or show how anything in the record supports his allegation.

AFFIRMED.

---

**8.** *See* Or.Rev.Stat. § 656.156(2).

**9.** *See* Or.Rev.Stat. § 656.018; *Bakker v. Baza'r, Inc.,* 275 Or. 245, 551 P.2d 1269, 1275 (1976).

**10.** *See Hanson v. Versarail Sys., Inc.,* 175 Or. App. 92, 28 P.3d 626, 627–28 (2001).

**11.** *See* Or.Rev.Stat. § 656.156(2).

**12.** *See Rangel v. Denton Plastics, Inc.,* 148 Or.App. 328, 939 P.2d 644, 647 (1997).

**13.** *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995).

**14.** *See* Fed. R.App. P. 28(a)(9)(A); *Humble v. Boeing Co.,* 305 F.3d 1004, 1012 (9th Cir. 2002).

